Díaz et al., Promoventes, *v.* Cuevas Zequeira, Juez de Distrito, y Barceló y Benítez Flores, Demandados.

Solicitud para que se expida un auto inhibitorio contra el Juez de la Corte de Distrito de Humacao.

No. 18.—Resuelto en marzo 7, 1919.

Apelación—Jurisdicción—Apertura de Rebeldía—Anulación de Sentencia—Auto Inhibitorio.—La apelación interpuesta por el demandante contra la sentencia dictada en rebeldía contra el demandado, no priva a la corte de jurisdicción para oir y resolver la moción del demandado de que se deje sin efecto la rebeldía y la sentencia contra él registrada, siendo tal moción análoga a la de nuevo juicio.

Los hechos están expresados en la opinión.

Abogado de los promoventes: *Sr. Luis Llorens Torres.*

Abogado del demandado Antonio R. Barceló: *Sr. M. Benítez Flores.*

El juez demandado compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

A instancias de Don José Agustín Díaz en representación de su hija menor de edad Ana María Díaz y de Don José Nicolás Díaz libramos un auto prohibitorio condicional en el pleito seguido por los peticionarios contra Don Antonio R. Barceló en cobro de pesos. El juez y la parte demandada en el pleito contestaron el auto y tuvo lugar la vista de él ante nosotros.

Los hechos en este caso, en cuanto son pertinentes a la cuestión que hemos de resolver, son que el día 8 de enero último y a petición de los demandantes en el pleito, el secretario de aquella corte de distrito registró la rebeldía del demandado y también sentencia por la que el demandado debía pagar a los demandantes la cantidad de quince mil dólares, intereses y costas; sentencia que está de acuerdo con la petición de la demanda y con el escrito pidiendo al secretario que registrase sentencia en rebeldía. A pesar de esto la parte demandante presentó el mismo día al secretario de la corte escrito de apelación de esa sentencia porque no con-

dena al pago de desembolsos y honorarios de abogado de los demandantes.  Tres días después la parte demandada pidió a la corte que dejara sin efecto la anotación de su rebeldía y también la sentencia contra él registrada por el secretario y habiendo la corte señalado día para oir a las partes respecto de esa pretención del demandado acudieron entonces los demandantes ante nosotros con el presente recurso extraordinario de prohibición alegando como fundamento de ella que por virtud de su apelación la corte inferior había perdido jurisdicción en el asunto y no podía por tanto resolver la moción del demandado que tenía por efecto anular y dejar sin efecto la sentencia que estaba pendiente de su recurso de apelación.

La cuestión que surge de los hechos expuestos es si la apelación interpuesta por el demandante priva a la corte inferior de jurisdicción para resolver la moción del demandado de que se deje sin efecto su declaración de rebeldía y también la sentencia registrada en este caso, moción que se basa en el artículo 140 del Código de Enjuiciamiento Civil según el cual la corte puede a su arbitrio eximir a alguna persona o a sus representantes legales de los efectos de una sentencia, orden o procedimiento que se hubiere dictado contra ella por causa de equivocación, inadvertencia, sorpresa o excusable negligencia; y también cuando por cualquiera razón que la corte o el juez de la misma estime satisfactoria la parte agraviada hubiere dejado de solicitar algún recurso legal durante el período judicial en que se dicte dicha sentencia, orden o procedimiento objeto de la queja, dicha corte o juez en vacaciones podrá conceder el remedio mediante solicitud presentada dentro de un plazo razonable que no excederá de seis meses, contados desde la expiración del período judicial.

Aunque los demandantes y peticionarios del auto de prohibición alegan que la resolución favorable de la moción del demandado les privaría de su derecho de revisar mediante apelación la sentencia que se dictó por la corte inferior, noso-

tros no vemos qué perjuicio real y verdadero pueden sufrir toda vez que si su teoría de que la corte perdió jurisdicción sobre el asunto por su apelación es cierta e impedimos que la moción sea resuelta, habrán obtenido una revisión técnica por su apelación, ya que si después prospera la moción del demandado, la sentencia registrada por el secretario caería totalmente por su base, se anularía y no habría obtenido beneficio alguno por su apelación.    Siendo éste el resultado de dicha moción en caso de que prospere, no comprendemos por qué no pueda considerarla y resolverla el juez ahora a pesar de la apelación pendiente, pues si la niega quedarán en pie la sentencia y la apelación, y si es procedente se obtendría en este momento el resultado que luego habría de dar y se evitaría una actuación que no ha de producir beneficio alguno a los apelantes, como no sea el de molestar a esta Corte Suprema sin resultado práctico alguno para el apelante.

La moción del demandado en este caso es análoga a una moción de nuevo juicio porque por distintos fundamentos trata de conseguir el mismo resultado de anular y dejar sin efecto la sentencia, y pudiendo el juez resolver una moción de nuevo juicio aun después de establecida una apelación, según ha declarado este Tribunal Supremo en los casos de *Altuna* v. *Ortiz, Horton et al.* v. *Robert,* y *Aguayo* v. *García,* 11 D. P. R. 30, 196 y 274 respectivamente, al aplicar el artículo 297 del Código de Enjuiciamiento Civil según el cual a pesar de que la apelación suspende todo procedimiento en la corte inferior respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ellas, sin embargo podrá la corte inferior proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación, no vemos razón alguna para que de acuerdo con este precepto legal no pueda el juez resolver la moción para anular la sentencia, aun estando pendiente una apelación contra ella, pues parafraseando la opinión en el caso de *Horton* v. *Robert* podemos decir que esta práctica incidentalmente evita la necesidad de corregir sentencias que puedan ser anuladas y disminuye la labor de

los tribunales de justicia, pues en el caso de que la moción prospere la apelación cae por su base.

Los casos de *Peycke* v. *Keefe*, 114 Calif. 212 y de *Vosburg* v. *Vosburg*, 137 Calif. 493 citados por el peticionario demandante para demostrar que por su apelación perdió la corte inferior su jurisdicción para resolver la moción de que venimos tratando, no son de aplicación porque lo que se resuelve en el primero de esos casos es que denegada la moción del demandado Keefe para que se dejara sin efecto. el fallo e interpuesta por él apelación contra esa resolución y contra la sentencia, la corte no podía por su propia moción anular el fallo apelado; y lo que se resolvió en el segundo fué que estando pendiente de apelación una sentencia de divorcio que resolvía también respecto a la custodia de los hijos menores de edad, el juez inferior no tenía jurisdicción después de haber sido apelada para cambiar o modificar el fallo en cuanto a la custodia de los niños. El otro caso también citado de *State* v. *Superior Ct.*, 19 Was. 128, mencionado en 22 Ruling Case Law, página 22, tampoco tiene aplicación a la presente cuestión porque lo que decide es que una corte no tiene jurisdicción para anular su fallo mediante una petición hecha muchos años después de haber sido rendida la sentencia por no estar el demandante ante la corte y que el demandado debe establecer alguna acción en equidad o de otro modo para anular el fallo.

Por las razones expuestas, el auto de prohibición condicional librado debe dejarse sin efecto.

*Anulado el auto condicional de prohibición.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado del Toro.

Los Jueces Asociados Sres. Wolf y Hutchison firmaron conformes con la sentencia.