JUAN ENRIQUE TORRES, demandante y apelado, *v.* SUCN. J. SERRALLÉS, demandado y apelante.

Núm. 7934.—*Sometido:* Febrero 13, 1939. *Resuelto:* Junio 14, 1939.

*F. Parra Capó* y *Leopoldo Tormes García,* abogados de la apelante; *Erasto Arjona Siaca,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Este caso, que procede de la Corte de Distrito de Ponce, era originalmente un pleito de *injunction* basado en la supuesta razón de que la demandada para poder cultivar o cosechar sus cañas de azúcar había construído un canal a través de las tierras del demandante. Luego de transcurrido algún tiempo lo sucedido fué que la corte de distrito dictó sentencia final en 12 de mayo de 1936, concediendo al demandante la suma de $1,000 en concepto de daños y perjuicios, más $300 para costas y honorarios de abogado. La demandada apeló de esta sentencia y tenemos ante nuestra consideración una moción para desestimar.

No hay duda alguna de que la prórroga para incorporar la prueba a los autos, concedida a la apelante, venció el 8 de diciembre de 1936 y que la misma no fué definitivamente renovada. Posteriormente, es decir, empezando el 7 de enero de 1937, hubo un número de prórrogas que se extendían hasta fines de 1938. Mencionamos estas tentativas de la apelante meramente para demostrar que hasta cierto punto ella estaba siendo diligente. No hay duda, sin embargo, de que con motivo de la omisión del taquígrafo en diciembre de 1936, la corte de distrito, en lo que se refería a la tentativa original de incorporar la prueba, perdió su jurisdicción para conceder las prórrogas.

■ Poco tiempo después de dictarse sentencia la apelante solicitó la reconsideración y la apelada pidió igualmente la reconsideración parcial. La corte declaró sin lugar ambas mociones. El 10 de julio de 1937 la demandada apeló de la resolución que declaró sin lugar la moción por ella presentada; y más o menos contemporáneamente, o sea en 15 de julio de 1937, aparentemente dentro del período de 30 días contado a partir de la orden en que se declaró sin lugar la moción para reconsiderar, apeló por segunda vez de la sentencia dictada el 12 de mayo de 1936.

Existe poca duda de que bajo la jurisprudencia sentada en varios casos, la moción de reconsideración suspendió el término para apelar de la sentencia. *Dávila v. Collazo,* 50 D.P.R. 494; *Gran Logia de Distrito, etc.* v. *Logia Víctor Rojas, Inc.,* 48 D.P.R. 914; *Rodríguez* v. *Torres,* 48 D.P.R. 917. La segunda apelación fué entablada oportunamente.

■ La dificultad que surge en este caso estriba en que la apelante entonces, en vez de pedir un término para completar los autos, acudió ante la corte de distrito y solicitó meramente que se ratificara la resolución anterior de la corte pasando el caso al taquígrafo.

No estamos plenamente convencidos de que la palabra "ratificara" no pueda interpretarse en sentido de que cubra la situación y permita la incorporación de la evidencia. Supondremos, no obstante, que el apelado está en lo cierto, que tiene derecho al beneficio de la duda y que las prórrogas fracasaron.

La apelante explica elaboradamente que la demora habida en la preparación de la transcripción de la evidencia, o lo que fuere, se debió al taquígrafo y no a un acto voluntario de su parte. Ella llama la atención hacia el hecho de que el término para computar una apelación empieza a correr tan sólo desde el momento en que se declaró sin lugar la moción de reconsideración. El apelado, en unión a su moción para desestimar fundada en haberse dejado de incorporar la prueba, solicitó se desestimara el recurso por frívolo.

Empero, el estado de los autos no nos convence de que la apelación es frívola. La transcripción de la evidencia está ahora ante nos.

La apelante, por lo menos en su alegato, sostiene que la transcripción de la evidencia fué radicada en la corte de distrito el 19 de enero de 1938. Sin entrar en todos los detalles, estamos convencidos de la buena fe y de la razonable diligencia de la demandada, y sin tratar de decidir definitivamente cuál de ellos está en lo cierto, concederemos a la parte apelante un nuevo término de 15 días para radicar, o mejor dicho para radicar de nuevo, su transcripción de la evidencia, y facultaremos también a la corte de distrito para que dé todos los pasos necesarios para su aprobación o desaprobación.

*Debe declararse sin lugar la moción.*