EMILIA y ALTAGRACIA MARCANO, OCTAVIO MIGUEL y JOSÉ GABRIEL MARCANO QUIÑONES, representados por su madre con patria potestad GABRIELA QUIÑONES, demandantes y apelantes, *v.* LUIS, MARÍA y FRANCISCO MARCANO SANTINI y MANUEL CARRASQUILLO HERPÉN, demandados y apelados.

Núm. 8453.—*Sometido:* Abril 22, 1942. *Resuelto:* Abril 29, 1942.

352

*Francisco González Fagundo* y *Alvaro Ortiz,* abogados de los apelantes; *Rafael Rivera Zayas* y *Joaquín Velilla,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En el acto de la vista de este recurso, los apelados solicitaron verbalmente su desestimación, alegando que la corte carecía de jurisdicción para conocer del mismo por haber sido interpuesto después de la expiración del término legal.

Del récord ante nos aparece que la sentencia recurrida fué dictada el día 10 de febrero de 1941; que en marzo 4 del mismo año los demandantes solicitaron la reconsideración de la sentencia; que la corte sentenciadora decidió tomar en consideración dicha moción y la señaló para ser vista el día 7 del mismo mes, en cuyo día las partes fueron oídas en pro y en contra de dicha moción. La corte inferior reservó su decisión hasta el 29 de mayo de 1941, en que la dictó declarando sin lugar la reconsideración solicitada. En junio 17 del mismo año, los demandantes radicaron su escrito de apelación.

El artículo 292 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 67 de mayo 8 de 1937, (Leyes de ese año, página 199) provee que la parte agraviada por una sentencia podrá solicitar su reconsideración dentro del término improrrogable de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia. Dicho artículo fija un término de 5 días contados desde la fecha de radicación, para que la corte resuelva la moción de reconsideración. Ese término de 5 días, dentro del cual la corte "deberá resolver" la moción de reconsideración,

no es un término fatal de carácter jurisdiccional y sí puramente directivo. Lo que en realidad se exige de la corte no es que dicte una resolución sobre los méritos de la moción, dentro de dicho término, y sí que tome alguna acción con respecto a la moción, rechazándola de plano si a su juicio careciere de méritos o señalándola para oír a las partes si la juzgase meritoria. En el caso de autos, la corte inferior cumplió estrictamente con el estatuto. Estimando que la moción radicada en marzo 4 de 1941 era meritoria, resolvió considerarla (*entertain*) y el mismo día la señaló para oír a las partes el día 7 del mismo mes de marzo.

De acuerdo con el citado artículo 292, si la corte inferior hubiese rechazado la moción de plano, dentro o fuera del término de cinco días, en ese caso el término de 30 días que los demandantes tenían para apelar (artículo 295 C. de E. C. y sección 2 ley de 9 de marzo de 1911) tendría que computarse desde la fecha del archivo de la notificación de la sentencia, tal y como si no se hubiese presentado moción alguna de reconsideración. La parte que solicita la reconsideración lo hace a riesgo de perder su derecho de apelación, por expiración del término estatutario, si su moción es rechazada de plano por falta de méritos. Y su única protección contra tal riesgo es apelar a tiempo, sin esperar a que la corte actúe, rechazando de plano o señalando la moción, pues debe siempre tenerse presente que el verdadero propósito del estatuto es evitar que se recurra a mociones de reconsideración frívolas y carentes de méritos, con el solo propósito de dilatar la ejecución de la sentencia.

Habiendo resuelto la corte en el presente caso oír a las partes sobre los méritos de la moción, el término para apelar debe computarse desde la fecha del archivo de una copia de la notificación hecha por el Secretario a los demandantes apelantes de la resolución denegatoria de la reconsideración. Y habiéndose notificado la resolución el 29 de mayo, debemos resolver como resolvemos que el escrito de apelación radi-

cado en junio 17 de 1941 lo fué dentro del término legal. No ha lugar por lo tanto a desestimar el recurso, y pasaremos a resolverlo en sus méritos.

██ Por escritura pública de mayo 9 de 1940, doña Modesta Santini Torres vendió a Manuel Carrasquillo una casa y solar radicados en Río Piedras. Los demandantes y aquí apelantes, herederos de la señora vendedora, pidieron a la Corte de Distrito de San Juan que declarase inexistente el referido traspaso, alegando que el mismo fué otorgado bajo la sugestión e influencia del demandado Francisco Marcano Santini, hijo de la vendedora, en confabulación con el comprador Carrasquillo, sin que mediara precio o consideración alguna. En la demanda se alega también que la Sra. Torres adquirió la casa por legado que le hizo su esposo don José Marcano, con la condición de que no podría disponer de ella ni gravarla durante su vida y que a su muerte pasaría a sus herederos.

Los demandados contestaron, alegando que la hecha por doña Modesta a Carrasquillo fué una venta real y efectiva, por precio real y justo de $2,500 que el comprador pagó y la vendedora recibió a su entera satisfacción y sin que mediara influencia de persona alguna ni confabulación de ninguna clase. Negaron que la casa en cuestión estuviera sujeta a restricción alguna en cuanto a su enajenación o gravamen durante su vida por la legataria Sra. Torres, y alegan, en contrario, que la casa que le fué legada con tales restricciones es una casa distinta de la que es objeto de este litigio, la cual tiene un valor de $8,000 y está y ha estado siempre a disposición de los herederos de dicha señora.

Celebrada la vista y oída la prueba de los demandantes, la corte inferior declaró con lugar la moción de *nonsuit* de los demandados y sin lugar la demanda e impuso a los demandantes el pago de las costas.

Alegan los demandantes, como base del presente recurso, que al decretar el nonsuit y al desestimar la demanda la corte

inferior cometió error de hecho y de derecho; y que erró también al declarar sin lugar la moción de reconsideración.

La prueba ofrecida por los demandantes consistió en el testimonio de los demandados y de dos o tres testigos. Dichos testimonios, lejos de probar la falta de causa o la existencia de una confabulación, tendieron a demostrar que el demandado Carrasquillo pagó a doña Modesta Santini Torres, en dinero efectivo, la suma estipulada en la escritura como precio de la finca objeto de la compraventa. Si prescindiéramos de esa prueba, la demanda tendría siempre que ser desestimada por no existir prueba alguna tendiente a controvertir la presunción de legalidad y validez que lleva consigo todo instrumento público.

Arguyen los apelantes, que no habiendo dado fe el Notario de que el precio fuera entregado en su presencia, debe presumirse que no medió precio ni su equivalente, y que esa presunción es por sí sola suficiente para sostener la demanda y para obligar a los demandados a justificar el hecho de haberse entregado el precio con anterioridad al acto del otorgamiento. Y citan en apoyo de su contención las decisiones de esta Corte Suprema en *Santini Fertilizer Co.* v. *Burgos,* 34 D.P.R. 869, 872 y en *Vázquez* v. *Seda,* 58 D.P.R. 594, 601.

· La razón fundamental que tuvo esta Corte en *Vázquez* v. *Seda,* supra, para confirmar la sentencia por la cual se declaró nulo e inexistente el traspaso de los bienes, fué que la evidencia ofrecida por los demandantes era suficiente para demostrar a satisfacción del juzgador que la supuesta venta se hizo por un precio simulado, el cual no fué pagado en todo ni en parte ni en ninguna forma por la demandada. El *dictum* que aparece en la opinión de esta Corte, emitida por el suscribiente, en el cual basa toda su argumentación la parte apelante, ha quedado explicado y revocado por la decisión rendida por este Tribunal en 12 de marzo de 1942, en el caso de *Peña Castro* v. *Mendoza,* ante pág. 110.

Los hechos en el último caso citado eran prácticamente iguales a los del de autos. Por las razones y fundamentos expuestos en la referida opinión *procede confirmar la sentencia recurrida.*