HENRY G. MOLINA y JOSÉ B. RODRÍGUEZ VIERA, demandantes y apelados, *v.* FRANCISCA RODRÍGUEZ y PONCIO BUSÓ PÉREZ, demandados y apelantes.

Núm. 8794.—*Sometido:* Enero 24, 1944. *Resuelto:* Abril 26, 1944.

*Francisca Rodríguez y Poncio Busó Pérez,* por su propio derecho; *Henry G. Molina, pro se,* y *Luis E. Dubón, Félix Ochoteco, Jr.* y *Otero Suro & Otero Suro,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Este caso se inició por demanda que solo contenía a Henry G. Molina, como demandante, y a Francisca Rodríguez como demandada, habiéndose anotado la rebeldía de la demandada por no haber contestado la demanda dentro del término que le fué concedido. El caso se vió en su fondo habiendo presentado el demandante su prueba y la corte dictó sentencia en rebeldía de acuerdo con la súplica de la demanda. Esta sentencia fué notificada a la demandada quien solicitó se dejara sin efecto y se abriera la rebeldía. Esto no obstante, y sin que la corte inferior hubiera tomado

acción alguna sobre dicha moción, la demandada apeló de la sentencia en rebeldía para ante esta Corte.

Estando pendiente dicho recurso, la corte inferior oyó a las partes sobre la moción de apertura de rebeldía y más tarde dejó sin efecto la sentencia y rebeldía anotada y concedió al demandante diez días para enmendar su demanda.

Así lo hizo el demandante dos veces y en su última demanda enmendada incluyó a José B. Rodríguez Viera como codemandante y a Poncio Busó Pérez como codemandado. De la sentencia dictada por la corte inferior declarando con lugar la demanda enmendada ambos demandados apelaron separadamente.

Nos limitaremos a considerar el error planteado por los demandados apelantes al efecto de que "la corte carecía de jurisdicción para actuar en el caso después de notificado el escrito de apelación" contra la sentencia en rebeldía originalmente dictada contra la codemandada.

█ El artículo 297 del Código de Enjuiciamiento Civil dispone lo siguiente:

"Artículo 297.—Formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

De acuerdo con este precepto la corte inferior tan sólo conserva autoridad para "proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

En el caso de *Díaz* v. *Cuevas Zequeira*, 27 D.P.R. 130, este tribunal consideró la cuestión específica que presenta el caso de autos y la resolvió a base de jurisprudencia que pasamos a revisar. En el año 1906 se levantó por primera vez la cuestión de si tenía o no jurisdicción una corte inferior para oír una moción de *nuevo juicio* después de apelada la sentencia. En los casos de *Altuna* v. *Ortiz*, 11 D.P.R. 25, 30;

*Horton* v. *Robert,* 11 D.P.R. 176, 196; *Aguayo* v. *García,* 11 D.P.R. 274, 285, siguiendo la jurisprudencia sentada en California en los casos de *Naglee* v. *Spencer,* 60 Cal. 10; *Carpenter* v. *Wilson,* 25 Cal. 154, 168 y *Rayner* v. *Jones,* 90 Cal. 78, se decidió la cuestión en la afirmativa, ratificándose más tarde la doctrina en *Martínez* v. *Independence Indemnity Company,* 56 D.P.R. 860.

En *Díaz* v. *Cuevas Zequeira,* supra, citándose los casos del Tomo 11 como autoridades, se decidió que siendo una moción para dejar sin efecto una sentencia en rebeldía *análoga* a una de nuevo juicio, la corte inferior conservó su jurisdicción para oír y resolver dicha moción. En este caso el demandante había obtenido sentencia en rebeldía a su favor, pero como en ella no se incluyó el pago de desembolsos y honorarios de abogado, interpuso apelación para ante esta corte. Luego de apelado el caso el demandado solicitó se dejara sin efecto la anotación de su rebeldía y la sentencia dictada. El demandante entonces solicitó de esta Corte expidiera un auto inhibitorio y al denegarlo se dijo lo siguiente:

"La moción del demandado en este caso es análoga a una moción de un nuevo juicio porque por distintos fundamentos trata de conseguir el mismo resultado de anular y dejar sin efecto la sentencia, y pudiendo el juez resolver una moción de nuevo juicio aun después de establecida una apelación, según ha declarado este Tribunal Supremo en los casos de *Altuna* v. *Ortiz, Horton et al.* v. *Robert,* y *Aguayo* v. *García,* 11 D.P.R. 30, 196 y 274 respectivamente, al aplicar el artículo 297 del Código de Enjuiciamiento Civil . . . no vemos razón alguna para que de acuerdo con este precepto legal no pueda el juez resolver la moción para anular la sentencia, aun estando pendiente una apelación contra ella, pues parafraseando la opinión en el caso de *Horton* v. *Robert* podemos decir que esta práctica incidentalmente evita la necesidad de corregir sentencias que puedan ser anuladas y disminuye la labor de los tribunales de justicia, pues en el caso de que la moción prospere la apelación cae por su base."

Los tres casos de California citados en las decisiones de esta corte en los de *Altuna* v. *Ortiz, Horton* v. *Robert* y

*Aguayo* v. *García,* supra, aparecen en una nota a la sección 181 de 2 Cal. Jur. 419. Al comentarse en dicha sección el artículo 946 del Código de Enjuiciamiento Civil de dicho Estado, del cual fué tomado el artículo 297 del nuestro, se refiere al poder de una corte inferior para conocer de una moción de nuevo juicio después de apelada la sentencia y se dice expresamente que los "procedimientos sobre una moción de nuevo juicio no son un ataque directo a la sentencia sino independiente y colateral a la misma. Por tanto, una apelación de la sentencia no despoja a la corte sentenciadora de jurisdicción para oír y resolver una moción de nuevo juicio.''

Empero, en la sección 179 de la misma obra, págs. 416, se distingue claramente la diferencia existente entre conocer de una moción de nuevo juicio y dejar sin efecto, enmendar o vacar una sentencia, después de apelada, diciéndose que la corte sentenciadora no tiene poder para hacer esto último "ni aun con el consentimiento de las partes.''

La jurisprudencia de California, citada en los casos antes mencionados, no son autoridad para sostener que una moción de nuevo juicio es análoga a una sobre apertura de rebeldía pues en dicho estado la jurisprudencia claramente sostiene todo lo contrario.

En el caso de *Kinard* v. *Jordan, et al.,* 175 Cal. 13, 164 P. 894 (1917) se había dictado una sentencia en contra de todos los demandados, incluyendo a uno llamado Huntington que estaba en rebeldía. Todos los demandados apelaron, haciéndolo Huntington separadamente. No obstante estar pendientes las apelaciones, la corte inferior, con el consentimiento del demandante y de los demandados, excepto Huntington, dictó una orden dejando sin efecto la sentencia que había dictado. Algún tiempo después la misma corte desestimó la demanda por no haber el demandante tramitado su caso con diligencia. Al apelarse esta última sentencia la Corte Suprema de California al referirse a la orden ante-

rior de la corte dejando sin efecto su primera sentencia con el consentimiento de las partes, se expresó así:

"Se arguye que esta orden dejó sin efecto la sentencia objeto de la apelación anterior, abrió el caso de nuevo, e impuso al demandante el deber de proseguir con la debida diligencia su caso hasta juicio La apelación interpuesta por estos demandados arrancó el caso de la jurisdicción de la corte superior. No estaba por más tiempo pendiente allí con el fin de enmendar la sentencia o dejarla sin efecto por errores que aparecieran de la faz del récord. El consentimiento de las partes no podía investir de nuevo a la corte con jurisdicción sobre la materia. La corte inferior, por tanto, no tenía poder para dictar la orden y la misma debe considerarse una nulidad. (Citas). Por consiguiente, la sentencia no fué dejada sin efecto, la apelación está aun pendiente . . . "

La doctrina sentada en este caso ha sido ratificada posteriormente en los casos de *California Real Estate Exchange* v. *Sequoyah Hills Co.*, 243 Pac. 54 (1925) y *Field* v. *Hughes*, 25 P. (2d) 241 (1933). Y en el de *Rosenberg* v. *Bullard*, 37 P. (2d) 521 (1934), en el cual se apeló de una orden dejando sin efecto una sentencia en rebeldía y mientras estaba pendiente la apelación se celebró el juicio dictándose sentencia a favor del demandante, al apelarse de ésta se resolvió que "al apelarse de la orden dejando sin efecto la sentencia en rebeldía . . . la corte no tenía jurisdicción para proceder hasta que dicha apelación hubiera sido terminada. Código de Enjuiciamiento Civil, artículo 946, 2 Cal. Jur. 415. Es inmaterial, aunque desafortunado, que la causa se trajera a juicio estando pendiente la apelación, a petición del demandado. *Es una cuestión de jurisdicción y no de estoppel.*" (Bastardillas nuestras.) Y más adelante se sostiene que "una sentencia en rebeldía es una sentencia sobre los méritos", citándose el caso de *Brown* v. *Brown*, 170 Cal. 1, 147 Pac. 1168 en el cual se resolvió que cuando a un demandado se le notifica un emplazamiento y una demanda y se deja dictar sentencia en rebeldía "se presume que ha admitido todos los hechos bien alegados en la demanda. La senten-

cia que se dicte . . . es una completa adjudicación de los derechos de las partes . . . ''.

Tenemos, por lo tanto, que en California se ha sostenido siempre que la corte sentenciadora tiene jurisdicción para considerar una moción de nuevo juicio, no obstante haberse apelado de la sentencia, pero que no la tiene cuando lo que se solicita es que se deje sin efecto la sentencia aun cuando ésta haya sido dictada en rebeldía. Al adoptar el artículo 297 de nuestro Código de Enjuiciameinto Civil del artículo 946 de California seguimos correctamente la jurisprudencia de dicho Estado interpretándolo en cuanto a las mociones de nuevo juicio se refiere pero, erróneamente, hicimos extensiva dicha jurisprudencia a las mociones para que se deje sin efecto una sentencia dictada en rebeldía.. La afirmación de que son mociones análogas, expresada en el caso de *Díaz* v. *Cuevas Zequeira,* supra, a base de los casos de California citados en los de *Altuna* v. *Ortiz, Horton et al.* v. *Robert* y *Aguayo* v. *García,* supra, es errónea y dicho caso debe con- considerarse expresamente revocado. No estamos justificados en continuar sosteniendo, en una cuestión jurisdiccional, este errror.

La corte inferior actuó sin jurisdicción al dejar sin efecto la sentencia anterior apelada, no empece que la propia code-mandada fuera quien solicitó la apertura de la rebeldía, pues como se dijo en el caso de *Rosenberg,* supra, ''es una cues-tión de jurisdicción y no de *estoppel.''* Asimismo, siendo la cuestión una de jurisdicción, puede ser suscitada por el co-demandado Buxó, aun cuando él no fuera parte demandada cuando se dejó sin efecto la sentencia. Él vino a ser parte demanda precisamente por haber actuado sin jurisdicción la corte al dejar sin efecto la sentencia que estaba apelada.

*Por lo expuesto, procede revocar la sentencia dictada en este caso el día 12 de mayo de 1943.*

El Juez Presidente Sr. Travieso no intervino.