GUILHON & BARTHELEMY, peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. MARCELINO ROMANY, JUEZ, demandada.

Núm. 1573.—*Sometido:* Noviembre 17, 1944. *Resuelto:* Diciembre 14, 1944.

*E. Martínez Rivera,* abogado de la peticionaria; *José López Baralt,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente recurso surgió como consecuencia de nuestra sentencia en *Balasquide* v. *Guilhon & Barthelemy,* 60 D.P.R. 341. Cuando la corte de distrito recibió nuestro mandato confirmando su sentencia a favor del demandado, éste solicitó que el demandante consignara a nombre del demandado ciertas sumas de dinero de conformidad con una estipula-

ción radicada por las partes a tenor con un embargo efectuado originalmente por el demandante. La corte inferior celebró una vista de esta moción y dictó resolución el 15 de octubre de 1943, ordenando al demandante y a su fiadora que consignaran en corte la suma de $731.55, valor de la maquinaria vendida objeto de este pleito, y $400 para honorarios de abogado.

El 21 de octubre de 1943 la demandada solicitó la reconsideración de la referida resolución por los fundamentos de que la corte de distrito había cometido error (1) al fijar el valor de la maquinaria en una suma menor que la de su verdadero valor; (2) al deducir de dicho valor la suma de $507 por el alegado motivo de que dicha suma ya se había pagado a cuenta a la demandada;(1) y (3) al fijar los honorarios de abogado en $400.(2) El 21 de octubre de 1943 el demandante y su fiadora apelaron de la resolución del 15 de octubre.

La corte inferior celebró una vista de la moción de reconsideración el 13 de marzo de 1944. Posteriormente, decidimos el caso de *Molina* v. *Rodríguez,* 63 D.P.R. 477. Basándose en dicho caso, la corte de distrito dictó resolución el 13 de julio de 1944 declarando sin lugar la moción de reconsideración por el fundamento de que se le había privado de jurisdicción para considerar la moción radicada por la demandada en vista de la apelación interpuesta subsiguientemente por el demandante. A solicitud del demandado expedimos el auto de *certiorari* para determinar esta cuestión de jurisdicción.

██ En el caso de *Molina* v. *Rodríguez* revocamos nuestros casos anteriores que resolvían que una corte de distrito

---

(1)La demandada alegó en su moción de reconsideración que la estipulación expresamente decía que se pagaría el valor completo de la maquinaria a pesar de que se había hecho un pago anterior de $507.

(2)La demandada argumentó en reconsideración que en la estipulación el demandante había convenido, en caso de que finalmente la demandada resultase gananciosa, pagarle a ésta los honorarios que la demandada tendría que pagarle a su abogado; que la demandada tenía que pagar $1,000 de honorarios; y que por tanto la corte de distrito no tenía discreción para rebajar dicha suma a $400.

podía considerar una moción pendiente ante ella de apertura de rebeldía aún después de haberse apelado de la sentencia para ante este tribunal. Resolvimos, siguiendo los casos de California, de donde se copió el artículo 297 de nuestro Código de Enjuiciamiento Civil, que siendo dicho artículo terminante en sus disposiciones,(³) por razón de la apelación, la corte inferior había perdido jurisdicción para considerar dicha moción.

Según dijimos en el caso de *Molina,* tanto los casos de California como los nuestros resuelven que la corte inferior tiene el poder de resolver una moción de nuevo juicio bajo estas circunstancias.(⁴) Dichos casos están predicados en la teoría de que tal moción no es un ataque directo a la sentencia, sino independiente y colateral a la misma (Véanse *Hatfield* v. *Levy Bros.,* 117 P. (2d) 841, 846 (Calif., 1941); 2 Cal. Jur. §§180-1, págs. 418-20). Pero, según indicamos en el caso de *Molina,* los casos de California siempre han resuelto que la corte de distrito pierde jurisdicción para enmendar o dejar sin efecto una sentencia una vez que se ha apelado de la misma.(⁵)

El presente caso se rige claramente por nuestro razonamiento en *Molina* v. *Rodríguez.* En verdad la peticionaria no aduce contención en contrario. Admite que nuestros

(³)El artículo 297, Código de Enjuiciamiento Civil, edición 1933, dispone que "Formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

(⁴)Los artículos 220-6, Código de Enjuiciamiento Civil, edición 1933, regulan el procedimiento para la radicación de mociones de nuevo juicio en esta jurisdicción.

(⁵)*In re Shafter-Wasco Irr. Dist.,* 130 P. (2d) 755 (Calif., 1942); *Linstead* v. *Superior Court in and for Mendocino County,* 61 P. (2d) 355 (Calif., 1936); *Schroeder* v. *Superior Court,* 239 Pac. 65 (Calif., 1914); 2 Calif. Jur. 419; 1 Calif. Jur., Ten Year Supplement, 1926-36, pág. 348 *et seq.* "La notificación y radicación de un escrito de apelación contra sentencia final . . . traslada el caso de la corte . . . [de distrito] a la corte apelativa y priva a la corte . . . de distrito de jurisdicción ulterior en el pleito, excepción hecha de cuestiones que no están afectadas por la sentencia o la resolución apelada. La corte sentenciadora ya no tiene poder o dominio sobre el pleito, y no puede seguir adelante

casos anteriores a 1937—tales como el de *González* v. *Schlü-ter*, 53 D.P.R. 401, y casos allí citados—en los que resolvimos que una corte de distrito podía considerar una moción de reconsideración no obstante haberse apelado de la sentencia fueron resueltos erróneamente, en vista de las disposiciones del artículo 297. Sin embargo, la peticionaria afirma que la Ley núm. 67, Leyes de Puerto Rico, 1937 (pág. 199), que enmienda el artículo 292 del Código de Enjuiciamiento Civil, ha cambiado dicha situación; y que, al leerse en armonía con el artículo 297, la Ley núm. 67 confiere ahora a las cortes de distrito la autoridad y el deber de resolver una moción de reconsideración que esté pendiente a pesar de que posteriormente se entable una apelación. En síntesis su contención es que la Ley núm. 67 confiere un derecho absoluto a la corte inferior para resolver una moción de reconsideración radicada en tiempo prescindiendo de que la parte promovente o la opositora posteriormente entablen recurso de apelación.

Empezaremos por indicar que para poder convenir con la peticionaria tendríamos que injertar en las terminantes disposiciones del artículo 297—" . . . una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia . . . apelada . . . "—una disposición eximiendo expresamente de los mismos las mociones de reconsideración. Pasamos a la contención de la peticionaria de que la ley núm. 67 exige este resultado.

La Ley núm. 67 fué consecuencia directa de nuestra opinión en *Dávila* v. *Collazo*, 50 D.P.R. 494. Allí dijimos que mientras la Legislatura no tomara acción sobre el particular, esta Corte estaba obligada a seguir la jurisprudencia

con *cuestiones comprendidas en la sentencia* hasta que la apelación se oiga y se resuelva y se readquiera jurisdicción. *No puede cambiar la resolución apelada . . .*

"Una apelación tiene el efecto de remover de la jurisdicción de la corte sentenciadora el asunto envuelto en la sentencia o resolución apelada, incluyendo todas las cuestiones referentes a la validez o corrección de tal sentencia o resolución. *Posteriormente la corte sentenciadora no tiene poder para enmendar o corregir su sentencia o resolución, o para revocarla o dejarla sin efecto . . .*" 2 Calif. Jur. §§178–9, págs. 415–17. (Bastardillas y corchetes nuestros).

sentada por la Corte de Circuito en *Saurí* v. *Saurí,* 45 F. (2d) 90. Mientras tanto, estábamos constreñidos a resolver (pág. 500) que "la interposición [a tiempo] de una moción de reconsideración de una sentencia . . . renueva . . . [el término para apelar] para que empiece a contarse de nuevo desde la fecha en que se deniegue la reconsideración . . ." (Corchetes nuestros). En otras palabras, una moción de reconsideración radicada en tiempo trae como consecuencia que la misma sea automáticamente "considerada" (*entertained*).

La Legislatura, conviniendo con nosotros que el efecto de la decisión en el caso de *Saurí* tendía a estimular la demora en la interposición de las apelaciones, aprobó al siguiente año la Ley núm. 67.([6]) Dicha ley, que enmienda el artículo 292 del Código de Enjuiciamiento Civil, cambia la regla de *Saurí* y dispone que una moción de reconsideración debe radicarse en la corte de distrito dentro de los quince días siguientes a la fecha en que se dicte sentencia final o dentro de los cinco días después de haber dictado una resolución apelable; que la corte de distrito debe resolver tal moción dentro de cinco días; y que si la corte de distrito rechazare de plano tal moción,([7]) el término para apelar se considera como que nunca fué interrumpido. Por el contrario, si la corte de distrito decide considerar u oír la moción—es decir "declara con lugar" la moción a los fines de una vista o para reconsideración—el término para apelar empieza a contarse desde la fecha en que se dicte resolución resolviendo definitivamente la petición de reconsideración.

Por tanto ahora la regla en esta jurisdicción es que a menos que la corte de distrito tome alguna acción afirmativa

([6]) Se llama la atención a dos errores de traducción en la Ley núm. 67. A la página 191, línea 9, la palabra "judgment" debe leer "order". A la misma página, línea 23, las palabras "the final decision" deben leer "the final order". Leyes de Puerto Rico, 1937, texto inglés, págs. 190–1.

([7]) Sabemos exactamente lo que la palabra "outright" significa en español; usamos las palabras "de plano". Estas significan que, aunque la moción se ha examinado, ésta fué denegada sumariamente sin vista.

"declarando con lugar" una moción de reconsideración y señalando el caso para una nueva vista, tal moción no ha sido "considerada" (*entertained*) aun cuando se haya radicado en tiempo. Las partes que radiquen tal moción lo hacen a riesgo de que el término para apelar continúe corriendo, a menos que la corte de distrito después de radicarse la moción formalmente la "declare con lugar". Si la moción se deniega sin vista, se considera que el término para apelar empezó a correr desde la fecha en que se archiva en autos la notificación a las partes de la sentencia de la corte de distrito. (*Marcano* v. *Marcano*, 60 D.P.R. 351; *Concepción* v. *Latoni*, 59 D.P.R. 666; *Las Monjas* v. *Comisión Hípica Insular*, 52 D.P.R. 445. *Cf. Torres* v. *Sucn. J. Serrallés*, 55 D.P.R. 124, que revirtió a los casos originales y que parece haber sido una aberración temporal.[8]

Como ya se ha indicado, la Ley núm. 67 le otorga a la corte de distrito cinco días dentro de los cuales "deberá resolver" la moción de reconsideración. Hemos resuelto que éste "no es un término fatal de carácter jurisdiccional y sí puramente directivo".[9] Sin embargo, sugerimos en el caso de Marcano (pág. 353) que "Lo que en realidad se exige de la corte no es que dicte una resolución sobre los méritos de la moción, dentro de dicho término, y sí que tome alguna

---

[8] ¿Suspende la radicación en tiempo ante esta corte de una moción de reconsideración, sin más, el período para apelar de esta Corte a la Corte de Circuito de Apelaciones? Esa es una cuestión de procedimiento Federal y no local, y carecemos de autoridad para considerarla. Debe ser contestada por las cortes superiores a este tribunal a base de la Ley Federal. Véase *Denholm & McKay Co.* v. *Commissioner of Int. Rev.*, 132 F. (2d) 243, 247 (C.C.A. 1st, 1942).

Pero es necesario que demos por lo menos contestación preliminar aunque las cortes superiores tendrían nuevamente que decir la última palabra en cuanto a una cuestión Federal relacionada: ¿retiene esta corte su jurisdicción para considerar una moción de reconsideración pendiente no obstante el hecho de haberse apelado posteriormente de la sentencia en cuestión para la Corte de Circuito de Apelaciones? En *Campos Delgado* v. *Central Cambalache, Inc.*, (ante pág. 58), contestamos en la negativa esta pregunta, resolviendo que la regla Federal y la local son iguales a este respecto.

acción con respecto a la moción, rechazándola de plano si a su juicio careciere de méritos o señalándola para oír a las partes si la juzgase meritoria.''

Si las cortes de distrito siguieran fielmente la sugestión arriba indicada de darle preferencia a tales mociones, y dentro de los cinco días las rechazaran de plano o las señalaran para vista de levantar las mismas una cuestión sustancial, la parte promovente no se confrontaría con el dilema bien de abandonar su moción de reconsideración o correr el riesgo de que expire el término para apelar mientras la corte de distrito tenga pendiente la moción de reconsideración y luego la declare sin lugar sin nueva vista.   La Legislatura o este Tribunal por Reglamento quizás deberían disponer que si no se actúa en la moción dentro de los cinco días esto significa que se declara sin lugar automáticamente.([10])   Esto quizás instaría a las cortes de distrito a actuar.  De cualquier manera, eliminaría el actual problema que tienen las partes promoventes que no pueden obtener decisiones sobre sus mociones de reconsideración pendientes mientras está corriendo el término para apelar.

Hemos dicho en detalle lo antes expuesto con el fin de dar énfasis a nuestra manifestación en el caso de *Marcano* (pág. 353) de que ''el verdadero propósito del estatuto es evitar que se recurra a mociones de reconsideración frívolas y carentes de méritos, con el sólo propósito de dilatar la ejecución de la sentencia.''   Es evidente que la Ley núm. 67 —que por vez primera dió reconocimiento estatutario a la práctica de radicar mociones de reconsideración en las cortes de distrito—no ha cumplido su objetivo a cabalidad.  Además, ha dejado otros problemas a su paso.  Pero si bien estos problemas son graves, nada tienen que ver con este caso, excepto para demostrar que la Ley núm. 67 no tuvo

---

([9])*Marcano* v. *Marcano,* 60 D.P.R. 351, 353.

([10])*Cf.* una disposición similar en California en cuanto a mociones de nuevo juicio.  2 Calif. Jur. §175, pág. 409.

en miras contestar el problema ante nos: La jurisdicción de una corte de distrito para considerar una moción de reconsideración a pesar de haberse apelado.

En síntesis nada encontramos en la Ley núm. 67 que demuestre que la Legislatura tuvo intención alguna en dicha ley de intercalar una excepción en la regla absoluta del artículo 297 del Código de Enjuiciamiento Civil y con ello descartar la regla de California—y más aún la regla casi universal—de que la apelación contra una sentencia arranca la jurisdicción de la corte inferior para considerar una moción de reconsideración pendiente. Añadimos lo que quizás ya sea obvio; como en el caso de *Molina* v. *Rodríguez,* supra, este es un caso de *lex scripta* y a la luz de dicho caso y del razonamiento del presente, *González* v. *Schluter,* supra, y todos nuestros casos similares fueron resueltos erróneamente y quedan expresamente revocados. Desde luego, el efecto de nuestra decisión es dejar en vigor tanto el artículo 297 como el 292, según enmendados: el 292 provee el término para radicar y resolver una moción de reconsideración; el 297 opera para privar a la corte inferior de jurisdicción sobre tal moción si se entabla la apelación antes de que ella resuelva la moción.

El resultado a que hemos llegado parecería severo cuando, como en este caso, la moción de reconsideración se radicó por una parte y la apelación posterior se entabló por la otra parte. Pero no podemos eludir las claras disposiciones del estatuto aún bajo tales circunstancias. El remedio, de alguno haber, debe conseguirse por ley o por reglamento.[11]

---

[11] No nos confrontamos en este caso con el problema de una sentencia divisible con partes independientes, una favorable al demandante y otra favorable al demandado. En tal caso si el demandado radica una moción de reconsideración de aquella parte de la sentencia que le es desvaforable, y luego el demandante apela únicamente en cuanto a la otra parte de la sentencia, ¿privaría la apelación de la demandante a la corte de distrito de jurisdicción para considerar la moción de reconsideración de la demandada en cuanto a la otra parte de la sentencia? (Véanse 2 Calif. Jur. §§25, 570, 590, 628; *cf. Reyes* v. *Aponte,*

La peticionaria, al radicar su moción de reconsideración, aparentemente no descansó ante la corte de distrito en el artículo 140 del Código de Enjuiciamiento Civil.([12])   Pero en vista de los argumentos en este caso y del lenguaje de algunos de nuestros casos anteriores, creemos propio añadir que nuestra conclusión aquí no se afecta por las disposiciones del artículo 140 del Código de Enjuiciamiento Civil. Dicho artículo ha tenido una historia curiosa.   Primero se copió del artículo 473 del Código de California.   Luego se copió sustancialmente del estatuto de California la Regla 60(b) de las Reglas Federales de Enjuiciamiento Civil. Este Tribunal al adoptar nuestras Reglas de Enjuiciamiento Civil, insertó la Regla Federal 60($b$) en nuestras propias reglas.([13])   Por tanto podemos recurrir a los casos de California y a casos federales recientes en busca de luz sobre este punto.   Las autoridades ya citadas demuestran que California no ha permitido a las cortes inferiores actuar bajo tales circunstancias, pese al hecho de que la moción solicitaba la clase de remedio conferido bajo el artículo 473.   Y los casos Federales, aunque algunos expresan una preferencia hacia la regla contraria, reconocen que están obligados a resolver bajo la Regla 60($b$) que las cortes de

---

60 D.P.R. 369; *Padilla* v. *García*, 61 D.P.R. 734).   Dejamos esta cuestión sin resolver ya que aquí no procede la contención de que la moción de reconsideración y la apelación fueron dirigidas contra partes diferentes e independientes de la sentencia.   En el presente caso la resolución fué por una cantidad específica más $400 de honorarios de abogado.   La peticionaria, la parte gananciosa, solicitó la reconsideración por el fundamento de que las dos cantidades fijadas por la corte de distrito son muy pequeñas; la apelación de la otra parte, según se desprende de su posición en la corte inferior, es por el fundamento de que estas mismas cantidades son muy elevadas.

([12])Dicho artículo dice en parte como sigue: ''Podrá la corte, en bien de la justicia . . . eximir a alguna persona o a sus representantes . . . de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia . . .''.

([13])Debe notarse que al trasplantar el artículo 140 del Código de Enjuiciamiento Civil a la Regla 60(b) esta corte cometió el mismo error de traducción hallado en el artículo 140.   Como indica el texto inglés es la equivocación, etc., de la parte promovente, y no la equivocación de la corte o de otras personas, que puede ser corregido de conformidad con el mismo.

distrito pierden la jurisdicción sobre tal moción al interponerse la apelación. (*Schran* v. *Safety Ins. Co.*, 45 F. Supp. 636 (Dist. Court, Mich., 1942); *Miller* v. *United States*, 114 F. (2d.) 267 (C.C.A., 7th, 1940); 3 Moore's *Federal Practice* sec. 60.05 pág. 3277 y 1942 Supp., pág. 206. *Cf. Perlman* v. 322 *West Seventy-Second Street Co., Inc.*, 127 F. (2d) 716 (C.C.A., 2d, 1942)).

Este caso no exige una resolución en cuanto a qué clase de casos justifica el remedio provisto en la Regla 60(*b*). Tampoco envuelve la cuestión de si la jurisdicción de la corte de distrito se readquiere cuando nuestro mandato llega a dicha corte a los fines de considerar bien una moción corriente de reconsideración o una moción bajo la Regla 60(*b*). Sólo resolvemos aquí que tal remedio deja de existir mientras esté pendiente la apelación contra la sentencia en cuestión.[14] Por tanto estamos constreñidos a añadir que, de la misma manera que el caso de *González* v. *Schluter* fué resuelto erróneamente, el lenguaje de tales casos como los de *Sucn. Mandés* v. *Sucn. Agüero*, 42 D.P.R. 684, 689; *Saldaña* v. *Comas, Síndico*, 41 D.P.R. 339, 348; *Pérez* v. *Corte de Distrito*, 39 D.P.R. 130, 133, al efecto de que una corte de distrito puede considerar una moción de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil (ahora la Regla 60(*b*), no empece la apelación, es errónea.

*El auto de certiarari será anulado.*

---

[14] Aquí también, con referencia a la Regla 60(*b*), la peticionaria admite que la regla expuesta en este caso es correcta, pero alega que aquí también la Ley núm. 67 opera para cambiar la regla. Por los motivos ya indicados, somos de opinión que la Ley núm. 67 no tiene dicho efecto.