Compañía Cervecera de Puerto Rico, Inc., antes, hoy, Cervecería India, Inc., peticionaria, *v.* Tribunal de Contribuciones de P. R., demandado; Tesorero de Puerto Rico, interventor.

Núm. 198.—*Sometido:* Junio 21, 1948. *Resuelto:* Julio 8, 1948.

*J. Alemañy Sosa,* abogado de la peticionaria; *Hon. Procurador General Luis Negrón Fernández* y *J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tesorero de Puerto Rico, interventor en este recurso, solicita lo desestimemos alegando que carecemos de jurisdicción por haber sido radicado el mismo fuera del término que establece la ley. Veamos los hechos.

El Tribunal de Contribuciones dictó la resolución recurrida el 30 de enero de 1948 y la misma fué notificada a la contribuyente el 3 de febrero de 1948. El 11 de febrero la contribuyente radicó ante el Tribunal de Contribuciones una moción solicitando la reconsideración de dicha resolución, y el 24 de marzo de 1948 dicho Tribunal la declaró sin lugar, limitándose a decir "no ha lugar". El 19 de abril de 1948 la contribuyente radicó en la Secretaría de esta Corte su petición de *certiorari.*

Basa su moción el interventor en (1) la Ley núm. 169 de 15 de mayo de 1943 (Leyes de 1943, pág. 601), o sea la ley creadora del Tribunal de Contribuciones; (2) la Ley núm. 67 de 8 de mayo de 1937 (Leyes de 1937, pág. 199), y (3) el caso de *Guilhon & Barthelemy* v. *Corte,* 64 D.P.R. 303.

La sección 5 de la Ley núm. 169 de 1943, en lo pertinente dispone que "Todas las decisiones del Tribunal de Contribuciones tendrán carácter de finales; pero la parte

perjudicada podrá, dentro de los *treinta (30) días* después de habérsele notificado la decisión, interponer contra la misma recurso de revisión ante el Tribunal Supremo de Puerto Rico, mediante solicitud de certiorari *para revisar los procedimientos . . .* '' (Bastardillas nuestras.)

■ Por la Ley núm. 67 de 1937 se enmendó el artículo 292 del Código de Enjuiciamiento Civil en la siguiente forma:

''Artículo 292.—Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.

''Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición ex parte para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. La corte deberá resolver la moción de reconsideración dentro de los cinco (5) días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este código, como si no se hubiese presentado petición alguna de revisión o reconsideración. Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal.''

En el caso de *Guilhon & Barthelemy* v. *Corte,* supra, interpretando el alcance de la enmienda al artículo 292 del Código de Enjuiciamiento Civil dijimos, a las páginas 307 a 309:

"Por tanto ahora la regla en esta jurisdicción es que a menos que la corte de distrito tome alguna acción afirmativa 'declarando con lugar' una moción de reconsideración y señalando el caso para una nueva vista, tal moción no ha sido 'considerada' (*entertained*) aun cuando se haya radicado en tiempo. Las partes que radiquen tal moción lo hacen a riesgo de que el término para apelar continúe corriendo, a menos que la corte de distrito después de radicarse la moción formalmente la 'declare con lugar'. Si la moción se deniega sin vista, se considera que el término para apelar empezó a correr desde la fecha en que se archiva en autos la notificación a las partes de la sentencia de la corte de distrito. (*Marcano* v. *Marcano,* 60 D.P.R. 351; *Concepción* v. *Latoni,* 59 D.P.R. 666; *Las Monjas* v. *Comisión Hípica Insular,* 52 D.P.R. 445. *Cf. Torres* v. *Sucn. J. Serrallés,* 55 D.P.R. 124, que revirtió a los casos originales y que parece haber sido una aberración temporal.

\* \* \* \* \* \* \*

"Si las cortes de distrito siguieran fielmente la sugestión arriba indicada de darle preferencia a tales mociones, y dentro de los cinco días las rechazaran de plano o las señalaran para vista de levantar las mismas una cuestión sustancial, la parte promovente no se confrontaría con el dilema bien de abandonar su moción de reconsideración o correr el riesgo de que expire el término para apelar mientras la corte de distrito tenga pendiente la moción de reconsideración y luego la declare sin lugar sin nueva vista. La Legislatura o este Tribunal por Reglamento quizás deberían disponer que si no se actúa en la moción dentro de los cinco días esto significa que se declara sin lugar automáticamente. Esto quizás instaría a las cortes de distrito a actuar. De cualquier manera, eliminaría el actual problema que tienen las partes promoventes que no pueden obtener decisiones sobre sus mociones de reconsideración pendientes mientras está corriendo el término para apelar."

 Bajo los términos específicos del artículo 292, según enmendado, y nuestra interpretación del mismo en el caso de *Guilhon & Barthelemy* v. *Corte,* supra, parecería obvio que, no habiendo el Tribunal de Contribuciones considerado (entertained) la moción de reconsideración de la contribuyente, pues se limitó a resolverla con un "no ha lugar" cuando ya habían transcurrido más de treinta días de la resolución del caso en su fondo, la peticionaria radicó su petición en este caso fuera del término señalado por la sección

5 de la Ley núm. 169 de 1943, supra. Empero, la contribuyente arguye que tratándose de un recurso de certiorari para revisar una decisión del Tribunal de Contribuciones, el artículo 292 del Código de Enjuiciamiento Civil, supra, no es aplicable; que al igual que en los casos de certiorari clásico, como cuestión de ley, siempre hay que solicitar la reconsideración de la decisión antes de que pueda solicitarse su revisión por certiorari y que ésta ha sido la práctica seguida ante el Tribunal de Contribuciones. No estamos conformes. Si el artículo 292, supra, no fuera aplicable al Tribunal de Contribuciones entonces nos confrontaríamos con el hecho de que la Ley núm. 169 de 1943, supra, no autoriza expresamente el que se solicite la reconsideración de las decisiones del Tribunal de Contribuciones, antes de solicitar su revisión por certiorari ante este Tribunal Supremo. Por el contrario, dicha ley en su sección 5, supra, dispone que la revisión por certiorari se hará "dentro de los treinta días después de haberle notificado la decisión" a la parte perjudicada. Creemos que es más razonable interpretar la ley en el sentido de que el artículo 292, supra, es aplicable, ya que el tercer párrafo de la sección 4 de la Ley núm. 169 de 1943, supra, tal y como quedó enmendada por la Ley núm. 137 de 9 de mayo de 1945 (Leyes de 1945, pág. 463), dispone que:

"Todos los procedimientos ante el Tribunal, incluyendo la presentación y admisión de prueba, se regirán por las reglas del Tribunal, las que serán aprobadas por el Gobernador de Puerto Rico y, *en su defecto, por las disposiciones del Código de Enjuiciamiento Civil o de las Reglas de Procedimiento que promulgue el Tribunal Supremo de Puerto Rico* y por las de la ley que regule la presentación y admisión de prueba, *en los casos de naturaleza civil*, ante los tribunales, debiendo ser todas dichas disposiciones liberalmente interpretadas y aplicadas con el fundamental propósito de hacer justicia sustancial entre las partes en controversia."

Si de acuerdo con este artículo las partes pueden utilizar en la defensa de sus casos ante el Tribunal de Contribucio-

nes todos los remedios autorizados por el Código de Enjuiciamiento Civil o por las Reglas de Enjuiciamiento Civil, no abrigamos duda de que la moción de reconsideración es uno de esos remedios y que los términos fijados en el artículo 292, supra, son aplicables a las mociones de reconsideración radicadas ante dicho Tribunal. De no serlo, tendríamos la anomalía de que el término de treinta días fijado por la sección 5 de la Ley núm. 169 de 1943, supra, para radicar el recurso de revisión por certiorari ante esta Corte Suprema, podría extenderse, sin límite alguno, durante todo el tiempo que el Tribunal de Contribuciones tardara en resolver una moción de reconsideración, aun cuando, como ocurrió en el caso de autos, no la tomara en consideración (entertain) y la resolviera con un "no ha lugar". Esta no puede ser la interpretación adecuada, ya que dicho término de treinta días es jurisdiccional y no puede ser ampliado ni por el Tribunal de Contribuciones ni por las partes.

■■ No podemos aceptar la argumentación de la contribuyente al efecto de que el certiorari provisto en la sección 5 de la Ley núm. 169 de 1943, supra, es igual al certiorari clásico del artículo 670 del Código de Enjuiciamiento Civil y que, en su consecuencia, procedía radicarlo dentro de un término razonable después de resuelta la moción de reconsideración. En realidad el recurso de revisión por certiorari que provee la sección 5 equivale a una apelación discrecional a ser concedida por este Tribunal, siempre que se interponga dentro del término de treinta días de ser notificada la decisión del tribunal inferior. Véase *Mayagüez Sugar Co.* v. *Tribunal de Apelación*, 60 D.P.R. 753. Tampoco es cierto que, como cuestión de ley, siempre haya que pedirse la reconsideración antes de que pueda solicitarse un auto de certiorari. Lo que se requiere es que la corte inferior haya tenido la oportunidad de pasar sobre la cuestión planteada, pero en todo caso, la expedición del auto es facultad discrecional de esta Corte.

Somos de opinión que el artículo 292 del Código de Enjuiciamiento Civil, supra, es aplicable al Tribunal de Contribuciones y que los términos en él fijados deben observarse, tanto por dicho Tribunal como por las partes, cumpliéndose con los requisitos que en su interpretación hemos expuesto en el caso de *Guilhon & Barthelemy* v. *Corte,* supra.(¹)

Habiéndose radicado la petición de certiorari en este caso después de haber expirado en exceso los treinta días que tenía para hacerlo la contribuyente, carecemos de jurisdicción para conocer del recurso y, en su consecuencia, procede su desestimación.

Los Jueces Presidente Sr. Travieso y Asociado Sr. De Jesús no intervinieron.

(¹)En cuanto a la inaplicabilidad del art. 292, según enmendado en 1937, a mociones de reconsideración ante esta Corte Suprema en relación con la subsiguiente apelación a la Corte del Circuito de Apelaciones, véase *Fernández* v. *Carrasquillo,* 146 F.2d 204 y *Vidal* v. *Monagas,* 66 D.P.R. 924.