Fernando Sierra Berdecía, Comisionado del Trabajo, etc., demandante, apelante y apelado, *v.* Luis Blondet Delannoy, demandado, apelado y apelante.

Núm. 10041.—*Sometido:* Junio 22, 1949. *Resuelto:* Julio 5, 1949.

---

*Ramón Cancio* y *Pedro Santana,* abogados del Departamento del Trabajo, y a su vez del apelante apelado; *Ubaldo Aponte* y *Tomás Bernardini Palés,* abogados del apelado apelante.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 29 de abril de 1949 la corte de distrito dictó sentencia en un pleito de reclamación de salarios por la suma de $413.52, instado por el demandante a favor de ciertos obreros. El secretario de la corte archivó en autos oportunamente copia de la notificación de la sentencia a las partes. El 6 de mayo, a las 8 a.m., el demandado radicó un escrito de apelación. El mismo día, a las 9 de la mañana, el demandante radicó una moción de reconsideración de la sentencia, solicitando se incluyera en la misma como penalidad adicional una suma igual a la concedida en la sentencia, de conformidad con la sección 25 de la Ley de Salario Mínimo (Ley núm. 8, Leyes de Puerto

Rico, 1941, pág. 303, según fué enmendada por la Ley núm. 217, Leyes de Puerto Rico, 1945, pág. 681).

El 10 de mayo la corte inferior dictó una resolución señalando el 16 de mayo para la vista de la moción de reconsideración. Luego de celebrar la referida vista, el 27 de mayo la corte de distrito declaró sin lugar la moción de reconsideración, por falta de jurisdicción, citando el caso de *Guillhon & Barthelemy* v. *Corte*, 64 D.P.R. 303.

El 1 de junio el demandante radicó dos escritos de apelación. Uno era contra la sentencia del 29 de abril en tanto en cuanto ésta no comprendía la suma de $413.52 como penalidad adicional. El segundo era contra la resolución del 27 de mayo declarando sin lugar la moción de reconsideración en cuanto a la misma partida.

█ El demandado ha radicado una moción para que se desestime la apelación entablada contra la sentencia del 29 de abril por el fundamento de que se radicó fuera de tiempo. El demandante tenía cinco días para apelar a tenor con la Ley núm. 10, Leyes de Puerto Rico, 1917, Vol. II (pág. 217), según fué enmendada por la Ley núm. 40, Leyes de Puerto Rico, 1935 ((1) pág. 239). En su consecuencia, su apelación contra la sentencia del 29 de abril, radicada el 1 de junio, se hizo fuera de tiempo, a no ser que el término de apelación quedara interrumpido por la moción de reconsideración y la actuación de la corte de distrito en relación con la misma.

██ En oposición a la moción de desestimación, el demandante arguye que la apelación no privó a la corte inferior de jurisdicción sobre la moción de reconsideración, porque ésta se dirigía a cierta parte del pleito no comprendida en la apelación y no incluída en la sentencia. Cita el artículo 297 del Código de Enjuiciamiento Civil, ed. de 1933, y el caso de *Molina* v. *Rodríguez*, 63 D.P.R. 477.

Pero el artículo 297 y el caso de *Molina* no sostienen la posición del demandante.(1) Bajo el artículo 297 la corte

---

(1) El artículo 297, Código de Enjuiciamiento Civil, ed. de 1933, prescribe como sigue:

puede proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la sentencia no obstante haberse apelado de la misma. Pero no podemos convenir en que la sentencia no comprende la cuestión de la penalidad. La corte inferior, según el demandante, debió haber incluído la penalidad en la sentencia. En su consecuencia, la sentencia comprendía la cuestión de penalidad, ya ésta hubiera sido o no incluída en la sentencia por la corte inferior.

 El demandante arguye asimismo que a tenor con el caso de *Guilhon & Barthelemy,* la corte de distrito había considerado su moción de reconsideración, y por tanto que su término para apelar de la sentencia quedó interrumpido hasta que la corte inferior definitivamente declaró sin lugar su moción del 27 de mayo. Por consiguiente afirma que su escrito de apelación del 1 de junio se radicó en tiempo. No estamos conformes. Una corte no puede considerar una moción de reconsideración cuando carece de jurisdicción para ello. *Tefei* v. *Coane,* resuelto el 26 de enero de 1949, *per curiam.* En vista del hecho de que la moción de reconsideración del demandante se radicó luego de haber el demandado radicado un escrito de apelación, la corte inferior carecía de jurisdicción y no podía considerar dicha moción. En su consecuencia, la moción de reconsideración no interrumpió el término para apelar, y la apelación se radicó tardíamente.

█ El demandante también apeló de la resolución declarando sin lugar la moción de reconsideración. Esta no era apelable. *Castro* v. *Rexach Racing & Sporting Corp.,* 60 D.P.R. 301.

*La moción del demandado para que se desestimen las apelaciones del demandante será declarada con lugar.*

---

"Artículo 297.—Formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, *pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación.*" (Bastardillas nuestras).