Áurea Esther de Jesús, representada por su madre con patria potestad Anunciada de Jesús Medina, demandante y apelada, *v.* Diego Castellar Costas, demandado y apelante.

Número 12103.

*Sometido:* 20 de marzo de 1958. *Resuelto:* 7 de abril de 1958.

*Jorge Díaz Cruz,* abogado del apelante; *Héctor Lugo Bougal,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El demandado en el caso del epígrafe apeló de una sentencia que le condenó a pasar una pensión alimenticia de $50 mensuales a su hija Áurea Esther de Jesús, más $200 para honorarios de abogado.(1)

 Sostiene el apelante que las sentencias dictadas por el tribunal a quo "no están sostenidas por la prueba, y son contrarias a derecho, tanto en su pronunciamiento declarando probada la paternidad, como en sus disposiciones económicas". El señalamiento carece de méritos. La prueba sobre la paternidad de la niña demandante fué conflictiva. El tribunal a quo resolvió el conflicto en contra del demandado y concluyó que éste es el padre de la niña. Contrario a lo que sostiene el apelante, el récord demuestra que la prueba es suficiente para establecer la paternidad. No ocurre aquí como en el caso de *Pueblo* v. *Cáceres,* 65 D.P.R. 368, donde la madre nunca especificó, ni aun aproximadamente, la fecha en que tuvieron lugar las alegadas relaciones sexuales con el allí acusado. Aquí la madre de la menor demandante declaró que conoció al demandado-apelante en el año 1938; que éste la enamoró y tuvo dos años de amistad

---

(1) La sentencia original fué dictada en 9 de agosto de 1956 y no proveía para el pago de las pensiones a partir de la radicación de la demanda. Posteriormente el tribunal a quo, a solicitud de la demandante, dictó una sentencia enmendada ordenando el pago de la pensión a partir de la interposición de la demanda. El demandado apeló de ambas sentencias.

con él, siendo ella una niña, sin haber tenido nunca relaciones sexuales con ningún hombre; que después de esos dos años de amistad fué que tuvo relaciones sexuales con el demandado y que a consecuencia de esas relaciones quedó embarazada allá para octubre o noviembre de 1941, naciendo de ese embarazo la niña demandante en 5 de julio de 1942; que para la fecha en que quedó embarazada no tuvo relaciones sexuales con ningún otro hombre que no fuera el demandado.

■ Un simple cálculo matemático demuestra que desde la fecha del embarazo de la madre de la demandante y hasta el alumbramiento de dicha niña hay menos de 300 días. La fecha exacta del último coito no es imprescindible para dejar establecida la paternidad. Véase *Díaz* v. *Hernández*, 75 D.P.R. 514, 522–523.

■ En cuanto a la razonabilidad de la pensión fijada en la sentencia apelada, basta decir que hubo prueba al efecto de que el demandado (1) tiene ingresos mensuales por más de $1,000; (2) es dueño de dos inmuebles ubicados en el pueblo de Yauco; (3) es dueño de dos vehículos de motor; (4) es socio del Casino de Yauco y sostiene a su hija legítima en una escuela privada, y (5) es dueño de una mueblería y se dedica al negocio de muebles.

En los autos existe pues, suficiente evidencia para sostener la sentencia dictada por el tribunal a quo y no la alteraremos en apelación. *Palmer* v. *Barreras*, 73 D.P.R. 278; *Sierra* v. *Morales*, 72 D.P.R. 693; *Santos* v. *Berdecía*, 73 D.P.R. 766; *Valera* v. *Fuentes*, 70 D.P.R. 879; Regla 52 de las de Enjuiciamiento Civil.

■ En la discusión del segundo error el apelante arguye que la "sentencia enmendada" (2ª sentencia), haciendo retroactivo el pago de la pensión alimenticia a la fecha de la interposición de la demanda, es nula por haberse emitido con posterioridad a la radicación del escrito de apelación. La apelada sostiene, en contrario, la validez de dicha sentencia

244

fundándose en que la apelación se interpuso después de haberse radicado por las partes sendas mociones de reconsideración de sentencia.(²) Es innecesario entrar a considerar la cuestión respecto al efecto de la radicación de las mociones de reconsideración. La razón es que la primera sentencia, aun cuando no dispusiera expresamente el pago retroactivo de la pensión, tenía ese efecto. Ello es así porque el pago de la pensión debe efectuarse, por disposición expresa de la ley, desde la fecha de la interposición de la demanda. Art. 147 del Código Civil [31 L.P.R.A., sec. 566].(³)

En las sentencias que se dicten en casos de alimentos es imperativa una disposición a ese efecto.(⁴) Habiendo la primera sentencia condenado al demandado a pasar una pensión alimenticia a la demandante de $50 mensuales, sin ningún otro pronunciamiento respecto al tiempo en que debería comenzarse a cumplir la obligación, la disposición legal al efecto de que los alimentos se abonarán desde la interposición de la demanda, debe considerarse como formando

---

(²) Las mociones de reconsideración no fueron incluídas en el legajo de sentencia pero la apelada acompañó a su alegato copias certificadas de las mismas.

(³) Dicho artículo dispone:

"§ 566. Cuándo será exigible la obligación de suministrar alimentos; cuándo debe verificarse el pago:

"La obligación de dar alimentos será exigible desde que los necesitare para subsistir la persona que tuviere derecho a percibirlos; pero no se abonarán sino desde la fecha en que se interponga la demanda.

"Se verificará el pago por meses anticipados, y, cuando fallezca el alimentista, sus herederos no serán obligados a devolver lo que éste hubiese recibido anticipadamente.—Código Civil, 1930, art. 147."

(⁴) Véase la sentencia del Tribunal Supremo de España de 21 de junio de 1935 donde se resuelve que es erróneo el fallo que condena al alimentante a pasar alimentos al alimentista que no concreta la fecha desde la cual debe aquél empezar a cumplir tal obligación, limitándose "a facultarle para que en lo sucesivo la cumpla recibiendo y manteniendo en su casa al alimentista", ya que no hace declaración alguna sobre los alimentos correspondientes al tiempo comprendido entre la fecha de la' demanda y la de la sentencia.

parte integrante de la dicha sentencia. Véase *Padilla* v. *Vidal*, 71 D.P.R. 517, 526–527; *Sierra, Comisionado* v. *Blondet*, 70 D.P.R. 214.

█ Finalmente diremos que aunque en la propia sentencia de alimentos se establezca por vez primera la paternidad, los alimentos se abonarán, conforme lo dispone el art. 147 del Código Civil, desde la fecha de la la interposición de la demanda. Ratificamos ahora lo que resolvimos *per curiam* en *Irlanda* v. *Carro*, sentencia de 11 de marzo de 1954.

*Por las razones expuestas debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hernández Matos no intervino.