EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ivette Quiles Pérez<br><br>Recurrida<br><br>v.<br><br>Osvaldo Cardona Rosa<br><br>Peticionario | Certiorari<br><br>2007 TSPR 110<br><br>171 DPR ____ |

Número del Caso: CC-2005-511

Fecha: 4 de junio de 2007

Tribunal de Apelaciones:

Región Judicial de Aguadilla

Panel integrado por su Presidenta, la Juez López Villanova, el Juez Córdova Arone y el Juez Escribano Medina

Abogado de la Parte Peticionaria:

Por Derecho Propio

Abogada de la Parte Recurrida:

Lcda. Wanda Valentín Custodio

Materia: Alimentos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ivette Quiles Pérez

    Recurrida

        v.                       CC-2005-511      CERTIORARI

Osvaldo Cardona Rosa

    Peticionario

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 4 de junio de 2007

    La controversia principal hoy ante nuestra consideración se circunscribe a determinar si debe considerarse el número total de menores alimentistas a los cuales el padre alimentante debe proveer alimentos --aunque éstos tengan ya una pensión previa fijada y/o convivan con él-- para identificar la tabla-guía que debe ser utilizada, al momento de determinar el monto de la pensión alimentaria de los/as hijos/as que solicitan la fijación o modificación de su pensión.

I

    Osvaldo Cardona Rosa, parte aquí peticionaria, es padre de cinco (5) hijos menores

de edad, cuyos nombres y circunstancias, según surgen del expediente, detallamos a continuación:

1. Osvaldo Cardona Quiles y María Cardona Quiles, quienes nacieron el 23 de enero de 1992 y el 10 de diciembre de 1997, respectivamente, producto del disuelto matrimonio entre Osvaldo Cardona Rosa e Ivette Quiles Pérez, parte aquí recurrida;

2. Nachalee Cardona Bermúdez y Krystal Cardona Bermúdez, quienes nacieron el 12 de noviembre de 1992 y el 2 de marzo de 2001, respectivamente, producto de la relación actual entre Osvaldo Cardona Rosa y Josefina Bermúdez, y quien, al momento de presentarse el recurso ante nuestra consideración, convivían con su padre; y

3. Emmanuel Cardona, quien nació el 20 de abril de 1994, producto de una relación fuera de matrimonio y quien, al momento de presentarse el recurso ante nuestra consideración, tenía fijada una pensión alimentaria de $125 mensuales.

Como antes expresáramos, Ivette Quiles Pérez es madre de Osvaldo y María Cardona Quiles, quienes fueron procreados durante el matrimonio de ésta con Osvaldo Cardona Rosa. Según surge del expediente, dicho matrimonio quedó disuelto el 30 de abril de 1998 mediante decreto de divorcio. Como consecuencia del divorcio, la custodia de ambos hijos le fue concedida a la señora Quiles Pérez,

ordenándosele al señor Cardona Rosa el pago de $600 mensuales, a favor de éstos, por concepto de pensión alimentaria.

Así las cosas, el 13 de marzo de 2003, el señor Cardona Rosa presentó ante el Tribunal de Primera Instancia, Sala de Aguadilla, una moción solicitando una reducción de la pensión antes mencionada, aduciendo la pérdida de su empleo. A su vez, el 29 de septiembre de 2003, la señora Quiles Pérez, en representación de sus hijos menores de edad, presentó una solicitud de aumento de pensión. Solicitó que la pensión fuese calculada utilizando las Guías para Determinar y Modificar Pensiones Alimenticias en Puerto Rico, Reglamento 4070 de 8 de diciembre de 1989.

Tras varios incidentes procesales, la examinadora de alimentos presentó su informe. En éste recomendó aumentar la pensión previamente fijada a favor de Osvaldo y Maria Cardona Quiles a $978 mensuales, efectivo a la fecha de la radicación de la solicitud de aumento. Tomando en consideración la información que surge del informe, se deduce que, para calcular la pensión básica impuesta, la examinadora de alimentos utilizó la Tabla-Guía para Asignación de Manutención Mensual para Dos (2) Hijos. El 4 de febrero de 2005, la Sala Superior de Aguadilla del Tribunal de Primera Instancia dictó resolución acogiendo la recomendación de la examinadora de alimentos y

adoptando, por referencia, las determinaciones de hecho y de derecho incluidas en el informe.

Insatisfecho, Osvaldo Cardona Rosa objetó el informe, solicitando reconsideración de la resolución dictada por el tribunal de instancia. Adujo que la examinadora de alimentos había errado al determinar la pensión basándose en la tabla para dos (2) hijos, cuando, según ordena el Reglamento 4070, ante, debió utilizar la tabla para cinco (5) hijos; ello, tomando en consideración el número total de menores alimentistas a los cuales Cardona Rosa debe proveer alimentos. A su vez, alegó que la examinadora de alimentos erró al considerar ciertas partidas como ingresos y al recomendar que el aumento fuese retroactivo a la fecha de solicitud del aumento, esto es, al 29 de septiembre de 2003. El tribunal de instancia declaró sin lugar la reconsideración solicitada.

De dicha determinación, Osvaldo Cardona Rosa acudió al Tribunal de Apelaciones alegando, de manera principal[1], que el tribunal de instancia erró al acoger el informe emitido por la examinadora de alimentos debido a que la tabla-guía utilizada no corresponde al número total de menores alimentistas a los cuales el padre alimentante

---

[1] Sostuvo, además, que el tribunal de instancia erró al ordenar que el aumento fuese efectivo a la fecha de radicación de la solicitud de aumento y al acoger un informe en el cual se consideraron, erróneamente, ciertas partidas como ingresos.

debe proveer alimentos, según ordena el Reglamento 4070, ante.

El Tribunal de Apelaciones <u>denegó</u> el recurso presentado. Señaló que ni las cargas o responsabilidades de un nuevo matrimonio ni las pensiones que se pagan a otros hijos son deducciones permitidas por ley al momento de determinar la capacidad económica de éste. Indicó, además, que por disposición expresa de la Ley Especial de Sustento de Menores procede la retroactividad decretada por el tribunal de instancia y que dicho foro no erró al considerar ciertas partidas como ingresos, al momento de calcular el ingreso neto de Cardona Rosa. Ello debido a que tribunal no esta limitado a considerar únicamente evidencia testifical y documental sobre los ingresos, y a que el tribunal puede considerar aspectos tales como el estilo de vida del alimentante, su capacidad para generar ingresos, la naturaleza y cantidad de propiedades, la naturaleza de su empleo o profesión y sus otras fuentes de ingresos.

Inconforme, Osvaldo Cardona Rosa acudió --mediante recurso de *certiorari*-- ante este Tribunal. Aduce, en lo pertinente, que procede revocar la resolución emitida por el foro apelativo intermedio debido a que éste incidió:

> … al resolver que no procede deducir las pensiones de otros hijos que tenga fijada el padre alimentante u otros hijos que vivan con este, por no ser est[a]s deducciones mandatarias por la Ley de Sustento de Menores **porque ese no fue el asunto planteado. El asunto planteado fue que la Examinadora debió recomendar la pensión**

**básica a base del renglón de 5 hijos en las Guías Mandatarias y no en base al renglón de dos hijos, considerando sólo los 2 que solicitaron pensión**. (Énfasis suplido.)

… al resolver que en esta situación en específico, procede imponer el aumento de pensión retroactivo a la fecha en que se solicitó, cuando los atrasos y suspensiones de la vista no fueron causados por el recurrente y que este (sic) fue diligente en solicitar la rebaja tan pronto quedó desempleado;

… al no resolver el planteamiento presentado en torno a la cantidad que utilizó la Examinadora como ingreso neto del promovente, bajo el pretexto de que ésta podía utilizar otros aspectos como capacidad del alimentante para generar ingresos y su estilo de vida.

Expedimos el recurso. Estando en condiciones de resolver el mismo, procedemos a así hacerlo.

II

La posición sustentada por la recurrida Quiles Pérez respecto al primer señalamiento de error --posición que fue avalada por el Tribunal de Apelaciones-- es a los efectos de que ni en la Ley Especial de Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. sec. 501 et seq., ni en las guías mandatarias para fijar pensiones alimentarias, se permite tomar como deducciones las cargas o responsabilidades de un nuevo matrimonio, o las pensiones alimentarias previas, a los fines de determinar la capacidad económica del padre o madre alimentante, esto es, para determinar el ingreso neto de éstos; posición que, conforme la recurrida Quiles Pérez, ha sido avalada jurisprudencialmente por este

Tribunal. Véase: Galarza Rivera v. Mercado Pagán, 139 D.P.R. 619 (1995); Maldonado v. Cruz, res. el 8 de enero de 2004, 2004 TSPR 1.

Resulta particularmente importante enfatizar que el peticionario Cardona Rosa, en ningún momento, ha cuestionado la corrección de las normas establecidas en las decisiones de este Tribunal citadas por la recurrida Quiles Pérez. Esto es, el peticionario nunca ha sostenido que, para calcular su ingreso neto, se debe deducir la pensión previamente fijada a favor de su hijo Emmanuel Cardona o los gastos en que él incurre en la manutención de los dos hijos que viven con él.

Tan es así que, en su recurso de *certiorari*, el peticionario expresamente señala que:

> [e]stamos claros que este Honorable Tribunal ha resuelto que las pensiones alimentaria que se pagan a otros hijos y las obligaciones de un nuevo matrimonio no son deducciones mandatorias según expone la Ley Especial de Sustento de Menores y el Reglamento Número 4070. No obstante, también, estamos claros en que para calcular la obligación o pensión básica del padre, se tomaran en consideración a todos los menores alimentistas a los que el padre debe proveer alimentos independientemente de si ya tiene una pensión fijada o conviven con el padre, según lo establecen las guías mandatorias. Siendo así, lo resuelto por el Honorable Tribunal de Apelaciones, no fue lo que se le solicitó en el recurso de *certiorari*. (Énfasis suplido.)

La verdadera controversia ante nuestra consideración es si de la Sección 7 del Reglamento 4070, ante, y del Formulario I-B que se aneja a éste, surge el deber de tomar en consideración todos los menores alimentistas a

los que el padre alimentante debe proveer alimentos --aunque éstos tengan ya una pensión previa fijada y/o convivan con él-- para identificar la tabla-guía que debe ser utilizada para calcular la pensión alimentaria solicitada.[2]

Lo reclamado por la parte peticionaria en nada afecta las normas legislativas y jurisprudenciales que dictan cómo debe calcularse el ingreso neto del padre alimentante ya que, al momento de seleccionar o identificar la tabla guía que debe ser utilizada, el ingreso neto ya, de hecho, se ha calculado y la selección de una u otra tabla-guía no altera el ingreso neto así establecido.


III

La Sección 7 del Reglamento 4070, ante, vigente al momento de los hechos que dieron curso al caso de epígrafe, establece que:

> [l]a obligación básica alimenticia de cada padre se calcula utilizando tablas para la fijación de pensiones alimenticias. La guía consiste de tres renglones básicos: (a) número de niños en la familia para los cuales se está calculando la pensión; (b) ingreso neto mensual disponible a cada padre; y (c) edad de los niños alimentistas.
>
> **Utilice y cumplimente el Formulario I-B que se acompaña. Anote en la Sección 7, el resultado**

---

[2] Bajo el Reglamento 4070, ante, existen 5 tablas que se clasifican de acuerdo al número de hijos, entiéndase, un hijo, dos hijos, tres hijos, cuatro hijos, cinco o más hijos.

**obtenido en la Sección 2a del Formulario I-B**.
(Énfasis suplido.)

Por otro lado, el Formulario I-B --el cual se aneja al Reglamento 4070 como Apéndice 3-- dispone, en lo pertinente, que:

Cálculo de la Obligación Alimenticia Básica del Padre
…
2. Obligación de cada padre al mantenimiento de los menores alimentistas.

a. Identifique el número de los menores alimentistas y las edades de éstos.

**Nota: Tome en consideración todos los menores alimentistas a los que el padre debe proveer alimentos aunque éstos tengan ya una pensión previa fijada y/o convivan con él actualmente**.
(Énfasis suplido.)

...

b. Localice en las Tablas que se incluyen la tabla correspondiente al # de niños para los que se computa la pensión de acuerdo con el ingreso neto disponible de cada padre. (Un niño, 2 niños, 3 niños, 4 niños, 5 niños o más)

c. Localice en la columna de la extrema izquierda el ingreso neto mensual disponible de cada padre por separado.
d. Localice la columna apropiada para la edad de cada niño, busque la cantidad que le corresponde según su edad. …
….

Según se deduce de una lectura de las disposiciones antes citadas, el texto de la Sección 7 como el texto incluido en el Formulario I-B son un tanto contradictorios. Por un lado, la Sección 7 utiliza el término "número de niños en la familia", el cual fácilmente puede interpretarse como que incluye a todos

los menores alimentistas a los que el padre alimentante debe proveer alimentos _pero_, a renglón seguido, introduce la frase "para los cuales se está calculando la pensión", lo cual, en el sentido literal de sus palabras, puede interpretarse como una limitación al número de niños que solicitan la fijación o modificación de su pensión.

A su vez, dicha Sección 7 nos remite al Formulario I-B, el cual --contrario a la frase "para los cuales se está calculando la pensión"-- específicamente ordena, en su Acápite 2, Inciso (a), que, para calcular la obligación alimentaria básica, se tomen en consideración **todos** los menores alimentistas, tengan ya una pensión previa fijada y/o convivan con el padre alimentante. En una aparente contradicción con dicho mandato, el propio Formulario I-B, en su Acápite 2, Inciso (b), indica que debe localizarse la tabla correspondiente "al número de niños para los que se computa la pensión".

Como máximo foro judicial del País, estamos facultados y venimos obligados a _armonizar_ disposiciones contradictorias que emanan de un mismo cuerpo legal, máxime cuando dicho curso decisorio es la _única solución_, práctica y viable, a nuestro alcance para poderle hacer justicia a _todos_ los seres humanos --niños y adultos-- que, de ordinario, se encuentran inmersos a diario en esta clase de dolorosas controversias.

Con ese norte en mente, somos del criterio que el término "familia", utilizado en la Sección 7 del

Reglamento 4070, se refiere al número total de menores alimentistas a los cuales el padre alimentante debe proveer alimentos, tengan éstos una pensión previa fijada y/o convivan con éste. Esta es la única interpretación lógica y razonable ante el mandato claro incluido en el Formulario I-B, Acápite 2 Inciso (a), al cual la propia Sección 7 del Reglamento hace referencia. Ello implica que la tabla-guía que debe ser utilizada es aquella que corresponda al número total de menores alimentistas a los cuales el padre alimentante debe proveer alimentos. Esto así ya que resulta fútil e ilógico que se incluya, como nota al Reglamento, el deber de tomar en consideración el número total de menores a los cuales el padre debe proveer alimentos, para luego ordenar que se utilice una tabla que no corresponde a dicho número.

Interpretar lo contrario sería avalar un resultado absurdo en detrimento de principios de gran arraigo en nuestro ordenamiento jurídico, como lo son: 1) el bienestar de los menores alimentistas; y 2) la imposición de un pago por concepto de pensión alimentaria en proporción a los recursos o a la capacidad económica del alimentante. Véase Declaración de política pública de la Ley Especial de Sustento de Menores, 8 L.P.R.A. § 502; y Artículo 146 del Código Civil, 31 L.P.R.A. § 565.[3]

_____

[3] Dicho Artículo dispone que: "[l]a cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o
(Continúa . . .)

Particularmente en el caso hoy ante nuestra consideración, si cada uno de los hijos de Osvaldo Cardona Rosa reclama la fijación o modificación de una pensión, y para cada solicitud se utiliza la tabla correspondiente al número de hijos que forman parte de la solicitud, y no la correspondiente al número total de menores alimentistas, a Cardona Rosa sólo le sobraría la suma mensual de $6.23 para su sustento.[4] Ciertamente, los mejores intereses de los menores no se protegen fijando una pensión que el padre alimentante no puede sufragar. Ello únicamente provocará que el padre alimentante incumpla su obligación o, peor aún, que se vea afectada su capacidad para generar ingresos ante la encarcelación que dicho incumplimiento conllevará.

Debe señalarse que lo antes expuesto es cónsono con lo establecido en las nuevas Guías para Determinar y Modificar Pensiones Alimentarias en Puerto Rico, Reglamento Núm. 7135 de 23 de mayo de 2006. Dicho Reglamento, en su Artículo 7 A-3, incluye --como un factor determinante en el cómputo de la pensión alimentaria básica-- el total de hijos/as dependientes de la persona

---

aumentarán en proporción a los recursos del primero y a las necesidades del segundo".

[4] Dicho cálculo toma en consideración la suma que se fijó a favor de Osvaldo y María Cardona Quiles, por concepto de gastos extraordinarios; no se considera la suma a la cual tendrían derecho los demás hijos de Cardona Rosa por dicho concepto.

no custodia, <u>independientemente</u> de que sean o no incluidos/as en la pensión a determinarse.[5] Incluso, en dicho Reglamento se incorporan varios ejemplos que ilustran la presente situación, en la cual el número de menores que solicitan la fijación o modificación de la pensión es menor al número total de dependientes o menores a los cuales el padre debe proveer alimentos. <u>Ante esta situación, la reglamentación vigente ordena el cálculo de la pensión solicitada utilizando como factor el número total de menores dependientes del padre alimentante.</u>[6]

Por todo lo cual, procede la modificación de la pensión alimentaria impuesta para que ésta sea calculada

---

[5] Dicho Artículo 7 A-3, en lo pertinente, dispone: A. Computo de la pensión alimentaria básica … 3. Establecer la tasa correspondiente para cada uno/a de los/as alimentistas para los/as cuales se está determinando la pensión alimentaria. <u>Esta tasa se establece tomando en consideración los siguientes dos (2) factores: (1) el total de hijos/as dependientes de la persona no custodia, lo cual incluye a todos/as a los/as hijos/as sin importar si serán o no incluidos/as en la pensión a determinarse</u>; y (2) la edad de cada uno/a de los/as alimentistas para los/as cuales se esté determinando la pensión alimentaria. … <u>Se escoge la línea horizontal de la tabla tomando en consideración el número total de hijos/as que dependan de la persona no custodia.</u> Luego, se selecciona la línea vertical de la tabla, la cual señala la edad del/la alimentista. Se establece como tasa aquella que se encuentre en el lugar donde coincidan la línea horizontal y vertical. Esta operación se hará para cada uno/a de los/as alimentistas para los/as cuales se está determinando una pensión alimentaria, de forma tal que se establezcan tantas tasas como número de alimentistas a ser incluidos/as en la pensión alimentaria.

[6] En el Reglamento 7135, en vez de utilizarse una tabla distinta dependiendo del número de hijos, se utiliza una sola tabla en la cual se incluyó como factor --en su columna izquierda-- el número total de menores dependientes del padre alimentante.

utilizando la tabla correspondiente al <u>número total de menores alimentistas</u> a los cuales Cardona Rosa debe proveer alimentos, tengan éstos una pensión previa fijada y/o convivan con él.

IV

En su segundo señalamiento de error, Cardona Rosa sostiene que no procede imponer el aumento de pensión retroactivo a la fecha en que se solicitó, debido a que los atrasos habidos en el caso no le son imputables. <u>No le asiste la razón</u>.

El Artículo 147 del Código Civil, 31 L.P.R.A. § 566, específicamente dispone que los alimentos "… no se abonarán sino desde la fecha en que se interponga la demanda". A su vez, el Artículo 19 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. § 518, establece, en lo pertinente, que: "[l]os pagos por concepto de pensiones alimentarias y de <u>aumentos</u> en las mismas serán efectivos desde la fecha en que se radicó la petición de alimentos o se emitió la orden por el Administrador". (Énfasis suplido).

Conforme a ello, hemos resuelto en el pasado que "el momento determinante del pago de los alimentos es la fecha de su reclamación, [por lo cual] [l]os alimentos se abonarán a partir del momento en que se exijan judicialmente". <u>Pueblo v. Zayas Colón</u>, 139 D.P.R. 119, 125

(1995). Véase además <u>De Jesús v. Castellar</u>, 80 D.P.R. 241 (1958).

Por consiguiente, si luego de modificada la pensión --según decretáramos en la Parte II de esta Opinión-- resulta procedente un aumento, éste debe ser <u>retroactivo</u> a la fecha en que se solicitó.

V

Por último, Cardona Rosa nos señala que el tribunal apelativo intermedio erró al no resolver su planteamiento sobre las partidas utilizadas para calcular su ingreso neto, bajo el pretexto de que el tribunal está facultado para considerar otros aspectos, como el estilo de vida del alimentante y su capacidad para generar ingresos. <u>Tampoco le asiste la razón</u>.

Es norma reiterada en nuestro ordenamiento jurídico que:

> el tribunal de instancia, al determinar la capacidad económica de un alimentante para proveer alimentos, no está limitado a considerar únicamente evidencia, testifical y documental, sobre ingresos. Puede, al fijar la cuantía de la pensión, considerar aspectos tales como el estilo de vida que lleva el alimentante, su capacidad para generar ingresos, la naturaleza y cantidad de propiedades con que cuenta, la naturaleza de su empleo o profesión y sus otras fuentes de ingreso. El tribunal, a base de la prueba circunstancial que se le someta, puede inferir que el alimentante cuenta con medios suficientes para cumplir con la obligación alimenticia que se le imponga. <u>López v. Rodríguez</u>, 121 D.P.R. 23, 33 (1988).

Sabido es que dicha determinación de capacidad económica merece la deferencia de los tribunales apelativos y que, en ausencia de demostración de error, pasión, prejuicio o parcialidad de parte del tribunal de instancia, los tribunales apelativos no deben "descartar y sustituir por sus propias apreciaciones, basadas en un examen del expediente del caso, las determinaciones tajantes y ponderadas del foro de instancia". Argüello v. Argüello, 155 D.P.R. 62, 79(2001).

De un examen del expediente del caso de epígrafe, no surge que haya mediado error, pasión, prejuicio o parcialidad por parte del tribunal de instancia al momento de determinar el ingreso neto o capacidad económica de Cardona Rosa, en base a las determinaciones de hecho, conclusiones de derecho y recomendaciones hechas por la examinadora de alimentos en su informe. En consecuencia, no erró el tribunal apelativo intermedio al respecto.

VI

En mérito de todo lo antes expuesto, procede dictar Sentencia modificatoria de la emitida por el Tribunal de Apelaciones para que la pensión alimentaria sea calculada utilizando la tabla correspondiente al número total de menores alimentistas a los cuales Osvaldo Cardona Rosa debe proveer alimentos, tengan éstos una pensión previa fijada y/o convivan con él. Por lo demás, se confirma dicha sentencia. Procede, además, devolver el caso al

tribunal de instancia para procedimientos ulteriores consistentes con lo aquí expresado y resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ivette Quiles Pérez

    Recurrida

       v.                     CC-2005-511     CERTIORARI

Osvaldo Cardona Rosa

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 4 de junio de 2007

Por los fundamentos expuestos en la Opinión que antecede, la cual forma parte íntegra de la presente, se dicta Sentencia modificatoria de la emitida por el Tribunal de Apelaciones para que la pensión alimentaria sea calculada utilizando la tabla correspondiente al número total de menores alimentistas a los cuales Osvaldo Cardona Rosa debe proveer alimentos, tengan éstos una pensión previa fijada y/o convivan con él. Por lo demás, se confirma dicha sentencia.

Además, se devuelve el caso al tribunal de instancia para procedimientos ulteriores consistentes con lo aquí expresado y resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo