El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
La controversia principal ante nuestra consideración se circunscribe a determinar si debe considerarse el número total de los menores alimentistas, a quienes el padre alimentante debe proveer alimentos —aunque éstos tengan ya una pensión previa fijada o convivan con él— para identificar la tabla-guía que debe ser utilizada al momento de determinar el monto de la pensión alimenticia de los hijos que solicitan la fijación o modificación de su pensión.
I
Osvaldo Cardona Rosa, parte aquí peticionaria, es padre de cinco hijos menores de edad, cuyos nombres y circunstancias, según surge del expediente, detallamos:
1. O. Cardona Quiles y M. Cardona Quiles, quienes nacieron el 23 de enero de 1992 y el 10 de diciembre de 1997, respectivamente, producto del disuelto matrimonio entre Osvaldo Cardona Rosa e Ivette Quiles Pérez, parte aquí recurrida.
2. N. Cardona Bermúdez y K. Cardona Bermúdez, quienes nacieron el 12 de noviembre de 1992 y el 2 de marzo de 2001, respectivamente, producto de la relación actual entre Osvaldo Cardona Rosa y Josefina Bermúdez, y quien, al momento de presentarse el recurso ante nuestra consideración, convivían con su padre.
3. E. Cardona, quien nació el 20 de abril de 1994, producto de una relación fuera de matrimonio y quien, al momento de presentarse el recurso ante nuestra consideración, tenía fijada una pensión alimenticia de $125 mensuales.
Ivette Quiles Pérez es madre de O. y de M. Cardona Quiles, quienes fueron procreados durante su matrimonio con Osvaldo Cardona Rosa. Según surge del expediente, dicho matrimonio quedó disuelto el 30 de abril de 1998, mediante un decreto de divorcio. Como consecuencia del divorcio, la custodia de ambos hijos le fue concedida a la *447 señora Quiles Pérez y se le ordenó al señor Cardona Rosa el pago de $600 mensuales, a favor de éstos, en concepto de pensión alimenticia.
Así las cosas, el 13 de marzo de 2003, el señor Cardona Rosa presentó ante el Tribunal de Primera Instancia, Sala de Aguadilla, la moción de reducción de la pensión mencionada, para aducir la pérdida de su empleo. A su vez, el 29 de septiembre de 2003, la señora Quiles Pérez, en representación de sus hijos menores de edad, presentó una solicitud de aumento de pensión. Solicitó que la pensión fuese calculada mediante las Guías para Determinar y Modificar Pensiones Alimenticias en Puerto Rico, Reglamento Núm. 4070, Departamento de Servicios Sociales, 8 de diciembre de 1989 (Reglamento 4070).
Tras varios incidentes procesales, la examinadora de alimentos presentó su informe. En éste recomendó aumentar la pensión previamente fijada a favor de Osvaldo y María Cardona Quiles a $978 mensuales, efectivo a la fecha de la presentación de la solicitud de aumento. Tomando en consideración la información que surge del informe, se deduce que, para calcular la pensión básica impuesta, la examinadora de alimentos utilizó la tabla-guía para la asignación de manutención mensual para dos hijos. El 4 de febrero de 2005, la Sala Superior de Aguadilla del Tribunal de Primera Instancia dictó una resolución en la que acogió la recomendación de la examinadora de alimentos y adoptó, por referencia, las determinaciones de hecho y de derecho incluidas en el informe.
Insatisfecho, Osvaldo Cardona Rosa objetó el informe, y solicitó una reconsideración de la resolución dictada por el tribunal de instancia. Adujo que la examinadora de alimentos había errado al determinar la pensión fundamentándose en la tabla para dos hijos, cuando, según ordena el Reglamento 4070, debió utilizar la tabla para cinco hijos; ello, tomando en consideración el número total de los menores alimentistas a los cuales Cardona Rosa debe proveer alimentos. A su vez, alegó que la examinadora de alimentos erró al considerar ciertas partidas como ingresos y al *448 recomendar que el aumento fuese retroactivo a la fecha de solicitud del aumento, esto es, al 29 de septiembre de 2003. El tribunal de instancia declaró “sin lugar” la reconsideración solicitada.
De dicha determinación, Osvaldo Cardona Rosa acudió al Tribunal de Apelaciones alegando, de manera principal,(1) que el tribunal de instancia erró al acoger el informe emitido por la examinadora de alimentos debido a que la tabla-guía utilizada no corresponde al número total de menores alimentistas a los cuales el padre alimentante debe proveer alimentos, según ordena el Reglamento 4070.
El Tribunal de Apelaciones denegó el recurso presentado. Señaló que ni las cargas o responsabilidades de un nuevo matrimonio ni las pensiones que se pagan a otros hijos son deducciones permitidas por ley al momento de determinar su capacidad económica. Indicó, además, que por disposición expresa de la Ley Orgánica de la Administración para el Sustento de Menores, procede la retroactividad decretada por el tribunal de instancia y que dicho foro no erró al considerar ciertas partidas como los ingresos, al momento de calcular el ingreso neto de Car-dona Rosa. Ello debido a que el tribunal no está limitado a considerar únicamente la evidencia testifical y documental sobre los ingresos, y a que el tribunal puede considerar aspectos tales como: el estilo de vida del alimentante, su capacidad para generar ingresos, la naturaleza y cantidad de propiedades, la naturaleza de su empleo o profesión y sus otras fuentes de ingresos.
Inconforme, Osvaldo Cardona Rosa acudió —mediante una petición de certiorari— ante este Tribunal. Aduce, en lo pertinente, que procede revocar la resolución emitida por el foro apelativo intermedio debido a que éste incidió
... al resolver que no procede deducir las pensiones de otros hijos que tenga fijada el padre alimentante u otros hijos que *449 vivan con este, por no ser est[a]s deducciones mandatarias por la Ley de Sustento de Menores porque ese no fue el asunto planteado. El asunto planteado fue que la Examinadora debió recomendar la pensión básica a base del renglón de 5 hijos en las Guías Mandatarias y no en base al renglón de dos hijos, considerando sólo los 2 que solicitaron pensión.
... al resolver que en esta situación en específico, procede imponer el aumento de pensión retroactivo a la fecha en que se solicitó, cuando los atrasos y suspensiones de la vista no fueron causados por el recurrente y que este [sic] fue diligente en solicitar la rebaja tan pronto quedó desempleado.
... al no resolver el planteamiento presentado en tomo a la cantidad que utilizó la Examinadora como ingreso neto del promovente, bajo el pretexto de que ésta podía utilizar otros aspectos como capacidad del alimentante para generar ingresos y su estilo de vida. (Enfasis suplido.) Petición de certiorari, pág. 4.
Expedimos el recurso. Estando en condiciones de resolverlo, procedemos a así hacerlo.
II
La posición sustentada por la recurrida Quiles Pérez respecto al primer señalamiento de error —posición que fue avalada por el Tribunal de Apelaciones— es a los efectos de que ni en la Ley Orgánica de la Administración para el Sustento de Menores (Ley para el Sustento de Menores), Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. sec. 501 et seq., ni en las guías mandatarias para fijar pensiones alimenticias, se permite tomar como deducciones las cargas o responsabilidades de un nuevo matrimonio, o las pensiones alimenticias previas, a los fines de determinar la capacidad económica del padre o madre alimentante, esto es, para determinar el ingreso neto de éstos. Esta posición, conforme a la recurrida Quiles Pérez, ha sido avalada jurisprudencialmente por este Tribunal. Véanse: Galarza Rivera v. Mercado Pagán, 139 D.P.R. 619 (1995); Maldonado v. Cruz, 161 D.P.R. 1 (2004).
Resulta particularmente importante enfatizar que el peticionario Cardona Rosa, en ningún momento, ha cuestionado la corrección de las normas establecidas en las de *450 cisiones de este Tribunal citadas por la recurrida Quiles Pérez. Esto es, el peticionario nunca ha sostenido que, para calcular su ingreso neto, se debe deducir la pensión previamente fijada a favor de su hijo E. Cardona o los gastos que incurrió en la manutención de los dos hijos que viven con él.
Tan es así que, en su petición de certiorari, el peticionario expresamente señala que:
[e]stamos claro[s] que este Honorable Tribunal ha resuelto que las pensiones alimentarias que se pagan a otros hijos y las obligaciones de un nuevo matrimonio no son deducciones mandatorias según expone la Ley Especial de Sustento de Menores y el Reglamento Número 4070. No obstante, también, estamos claros en que para calcular la obligación o pensión básica del padre, se tomaran en consideración a todos los menores alimentistas a los que el padre debe proveer alimentos independientemente de si ya tiene rma pensión fijada o conviven con el padre, según lo establecen las guías mandatorias.
Siendo así, lo resuelto por el Honorable Tribunal de Apelaciones, no fue lo que se le solicitó en el recurso de Certiorari. (Enfasis suplido.) Petición de certiorari, págs. 4-5.
La verdadera controversia ante nuestra consideración es si de la See. 7 del Reglamento 4070, ante, pág. 8, y del Formulario I-B que se aneja a éste, surge el deber de tomar en consideración a todos los menores alimentistas a los que el padre alimentante debe proveer alimentos —aunque éstos tengan una pensión previa fijada o convivan con él— para identificar la tabla-guía que debe ser utilizada para calcular la pensión alimenticia solicitada.(2)
Lo reclamado por la parte peticionaria no afecta las nor-mas legislativas y jurisprudenciales que dictan cómo debe calcularse el ingreso neto del padre alimentante, ya que, al momento de seleccionar o identificar la tabla-guía que debe ser utilizada, el ingreso neto, de hecho, se ha calculado y la *451 selección de una u otra tabla-guía no altera el ingreso neto así establecido.
t-H HH H-1
La See. 7 del Reglamento 4070, ante, pág. 8, vigente al momento de los hechos que dieron curso al caso de epígrafe, establece que:
[l]a obligación básica alimenticia de cada padre se calcula utilizando tablas para la fijación de pensiones alimenticias. La guía consiste de tres renglones básicos: a) número de niños en la familia para los cuales se está calculando la pensión; b) ingreso neto mensual disponible a cada padre; y c) edad de los niños alimentistas.
Utilice y cumplimente el Formulario I-B que se acompaña. Anote en la Sección 7; el resultado obtenido en la Sección 2a del Formulario I-B. (Enfasis suplido.)
Por otro lado, el Formulario I-B —el cual se aneja al Reglamento 4070 como Apéndice 3— dispone, en lo pertinente, que:
Cálculo de la Obligación Alimenticia Básica del Padre
2. Obligación de cada padre al mantenimiento de los menores alimentistas.
a. Identifique el número de los menores alimentistas y las edades de éstos.

Nota: Tome en consideración todos los menores alimentistas a los que el padre debe proveer alimentos aunque éstos tengan ya una pensión previa fijada y lo convivan con él actualmente.

b. Localice en las Tablas que se incluyen la tabla correspondiente al # de niños para los que se computa la pensión de acuerdo con el ingreso neto disponible de cada padre. (Un niño, 2 niños, 3 niños, 4 niños, 5 niños o más)
c. Localice en la columna de la extrema izquierda el ingreso neto mensual disponible de cada padre por separado.
d. Localice la columna apropiada para la edad de cada niño, busque la cantidad que le corresponde según su edad. (Enfasis suplido.)
Según se deduce de una lectura de las disposiciones antes citadas, el texto de la See. 7 como el incluido en el *452 Formulario I-B son un tanto contradictorios. Por un lado, la See. 7 del Reglamento 7040, ante, utiliza el término “número de niños en la familia”, el cual fácilmente puede interpretarse como que incluye a todos los menores alimentistas a los que el padre alimentante debe proveer alimentos pero, a renglón seguido, introduce la frase “para los cuales se está calculando la pensión”, lo cual, en el sentido literal de sus palabras, puede interpretarse como una limitación al número de niños que solicitan la fijación o modificación de su pensión. Id.
A su vez, la See. 7 del Reglamento 7040, ante, nos re-mite al Formulario I-B, el cual —contrario a la frase “para los cuales se está calculando la pensión”— específicamente ordena, en su Acápite 2, inciso (a), que para calcular la obligación alimentaria básica, se tomen en consideración todos los menores alimentistas, tengan ya una pensión previa fijada o convivan con el padre alimentante. En una aparente contradicción con dicho mandato, el propio Formulario I-B, en su Acápite 2, inciso (b), indica que debe localizarse la tabla correspondiente “al número de niños para los que se computa la pensión”.
Como máximo foro judicial del país, estamos facultados y obligados a armonizar disposiciones contradictorias que emanen de un mismo cuerpo legal; máxime, cuando dicho curso decisorio es la única solución, práctica y viable, a nuestro alcance para hacerle justicia a todos los seres humanos —niños y adultos— quienes, de ordinario, se encuentran inmersos a diario en esta clase de dolorosas controversias.
Con ese norte en mente, entendemos que el término “familia”, utilizado en la See. 7 del Reglamento 4070, ante, se refiere al número total de menores alimentistas, a quienes el padre alimentante debe proveer alimentos, tengan éstos una pensión previa fijada o convivan con éste. Esta es la única interpretación lógica y razonable ante el mandato claro incluido en el Formulario I-B, Acápite 2, inciso (a), al cual la propia See. 7 del Reglamento, ante, *453 hace referencia. Ello implica que la tabla-guía que debe ser utilizada es aquella que corresponda al número total de menores alimentistas a los cuales el padre alimentante debe proveer alimentos. Esto así, ya que resulta fútil e ilógico que se incluya, como nota al Reglamento, el deber de tomar en consideración el número total de menores a los cuales el padre debe proveer alimentos, para luego ordenar que se utilice una tabla que no corresponde a dicho número.
Interpretar lo contrario sería avalar un resultado absurdo en detrimento de principios de gran arraigo en nuestro ordenamiento jurídico, como lo son: (1) el bienestar de los menores alimentistas, y (2) la imposición de un pago en concepto de la pensión alimenticia en proporción a los recursos o a la capacidad económica del alimentante. Véanse: Declaración de política pública de la Ley para el Sustento de Menores, 8 L.RR.A. sec. 502; Art. 146 del Código Civil, 31 L.P.R.A. sec. 565.(3)
Particularmente este caso, si cada uno de los hijos de Osvaldo Cardona Rosa reclama la fijación o modificación de una pensión, y para cada solicitud se utiliza la tabla correspondiente al número de hijos que forman parte de la solicitud, y no la correspondiente al número total de menores alimentistas, a Cardona Rosa sólo le sobraría la suma mensual de $6.23 para su sustento.(4) Ciertamente, los mejores intereses de los menores no se protegen fijando una pensión que el padre alimentante no pueda sufragar. Ello únicamente provocará que el padre alimentante incumpla con su obligación o, peor aún, que se vea afectada su capacidad para generar ingresos ante la encarcelación que dicho incumplimiento conllevará.
*454 Debe señalarse que lo antes expuesto es cónsono con lo establecido en las nuevas Guías para Determinar y Modificar Pensiones Alimentarias en Puerto Rico, Reglamento Núm. 7135, Administración para el Sustento de Menores, Departamento de la Familia, 23 de mayo de 2006 (Reglamento 7135). Dicho Reglamento, en su Art. 7 A-3, incluye —como un factor determinante en el cómputo de la pensión alimenticia básica— el total de hijos dependientes de la persona no custodia, independientemente de que sean o no incluidos en la pensión que se determinará.(5) Incluso, en dicho reglamento se incorporan ejemplos que ilustran esta situación, en la cual el número de menores que solicita la fijación o modificación de la pensión es menor al número total de dependientes o menores a quienes el padre debe proveer alimentos. Ante esta situación, la reglamentación vigente ordena el cálculo de la pensión solicitada, utilizando como factor el número total de menores dependientes del padre alimentante.(6)
*455 Por todo lo cual, procede la modificación de la pensión alimenticia impuesta para que ésta sea calculada utilizando la tabla correspondiente al número total de menores alimentistas a los cuales Cardona Rosa debe proveer alimentos, tengan éstos una pensión previa fijada o convivan con él.
<¡
En su segundo señalamiento de error, Cardona Rosa sostiene que no procede imponer el aumento de pensión retroactivo a la fecha cuando se solicitó, debido a que los atrasos habidos en el caso no le son imputables. No le asiste la razón.
El Art. 147 del Código Civil, 31 L.RR.A. sec. 566, específicamente dispone que los alimentos “no se abonarán sino desde la fecha en que se interponga la demanda”. A su vez, el Art. 19 de la Ley para el Sustento de Menores, 8 L.P.R.A. sec. 518, establece, en lo pertinente, que “[l]os pa-gos por concepto de pensiones alimentarias y de aumentos en las mismas serán efectivos desde la fecha en que se presentó la petición de alimentos” o se emitió la orden por el Administrador. (Enfasis suplido.)
Conforme a ello, hemos resuelto que “el momento determinante del pago de los alimentos es la fecha de su reclamación, [por lo cual l]os alimentos se abonarán a partir del momento en que se exijan judicialmente”. Pueblo v. Zayas Colón, 139 D.P.R. 119, 125 (1995). Véase, además, De Jesús v. Castellar, 80 D.P.R. 241 (1958).
Por consiguiente, si luego de modificada la pensión —según decretáramos en la parte II de esta opinión— resulta procedente un aumento, éste debe ser retroactivo a la fecha en que se solicitó.
*456 V
Por último, Cardona Rosa nos señala que el tribunal apelativo intermedio erró al no resolver su planteamiento sobre las partidas utilizadas para calcular su ingreso neto, con el pretexto de que el tribunal está facultado para considerar otros aspectos, como el estilo de vida del alimentante y su capacidad para generar ingresos. Tampoco le asiste la razón.
Es norma reiterada en nuestro ordenamiento jurídico que
... el tribunal de instancia, al determinar la capacidad económica de un alimentante para proveer alimentos, no está limitado a considerar únicamente evidencia, testifical y documental, sobre ingresos. Puede, al fijar la cuantía de la pensión, considerar aspectos tales como el estilo de vida que lleva el alimentante, su capacidad para generar ingresos, la naturaleza y cantidad de propiedades con que cuenta, la naturaleza de su empleo o profesión y sus otras fuentes de ingreso. El tribunal, a base de la prueba circunstancial que se le someta, puede inferir que el alimentante cuenta con medios suficientes para cumplir con la obligación alimenticia que se le imponga. (Citas y escolios omitidos.) López v. Rodríguez, 121 D.P.R. 23, 33 (1988).
Sabido es que dicha determinación de capacidad económica merece la deferencia de los tribunales apelativos y que, en ausencia de demostración de error, pasión, prejuicio o parcialidad por parte del tribunal de instancia, los tribunales apelativos no deben “ ‘descartar y sustituir por sus propias apreciaciones, basadas en un examen del expediente del caso, las determinaciones tajantes y ponderadas del foro de instancia’ ”. Argüello v. Argüello, 155 D.P.R. 62, 79 (2001), citando a Rolón v. Charlie Car Rental, Inc., 148 D.P.R. 420, 433 (1999).
De un examen del expediente del caso de epígrafe no surge que haya mediado error, pasión, prejuicio o parcialidad por parte del tribunal de instancia al momento de determinar el ingreso neto o la capacidad económica de Car-dona Rosa, a base de las determinaciones de hecho, *457 conclusiones de derecho y recomendaciones hechas por la examinadora de alimentos en su informe. En consecuencia, no erró el tribunal apelativo intermedio al respecto.
VI
Por lo antes expuesto, procede dictar Sentencia modificatoria de la emitida por el Tribunal de Apelaciones para que la pensión alimenticia sea calculada mediante la tabla correspondiente al número total de menores alimentistas a los cuales Osvaldo Cardona Rosa debe proveer alimentos, tengan éstos una pensión previa fijada o convivan con él. Por lo demás, se confirma la sentencia. Procede, además, devolver el caso al tribunal de instancia para procedimientos ulteriores compatibles con lo aquí expresado y resuelto.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez no intervino.

 Sostuvo, además, que el tribunal de instancia erró al ordenar que el aumento fuese efectivo a la fecha de presentación de la solicitud de aumento y al acoger un informe en el cual se consideraron, erróneamente, ciertas partidas como ingresos.

 Las Guías para Determinar y Modificar Pensiones Alimenticias en Puerto Rico, Reglamento Núm. 4070, Departamento de Servicios Sociales, 8 de diciembre de 1989 (Reglamento 4070), establecen cinco tablas que se clasifican de acuerdo con el número de hijos; entiéndase: un hijo, dos hijos, tres hijos, cuatro hijos, cinco o más hijos.

 Dicho artículo del Código Civil dispone: “[l]a cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo.” 31 L.P.R.A. sec. 565.

 Dicho cálculo toma en consideración la suma que se fijó a favor de O. y M. Cardona Quiles, en concepto de los gastos extraordinarios; no se considera la suma a la cual tendrían derecho los demás hijos de Cardona Rosa por dicho concepto.

 El Art. 7 A-3 de las Guías para Determinar y Modificar Pensiones Alimentarias en Puerto Rico, Reglamento Núm. 7135, Administración para el Sustento de Menores, Departamento de la Familia, 23 de mayo de 2006 (Reglamento 7135), págs. 10 -15, en lo pertinente, dispone:
“A. Computo de la pensión alimentaria básica ....
“3. Establecer la tasa correspondiente para cada uno/a de los/as alimentistas para los/as cuales se está determinando la pensión alimentaria. Esta tasa se establece tomando en consideración los siguientes dos (2) factores: (1) el total de hijos/as dependientes de la persona no custodia, lo cual incluye a todos/as a los/as hijos /as sin importar si serán o no incluidos/as en la pensión a determinarse; y (2) la edad de cada uno/a de los/as alimentistas para los/as cuales se esté determinando la pensión alimentaria.
“Se escoge la línea horizontal de la tabla tomando en consideración el número total de hijos/as que dependan de la persona no custodia. Luego, se selecciona la línea vertical de la tabla, la cual señala la edad del/la alimentista. Se establece como tasa aquella que se encuentre en el lugar donde coincidan la línea horizontal y vertical.
“Esta operación se hará para cada uno/a de los/as alimentistas para los/as cuales se está determinando una pensión alimentaria, de forma tal que se establezcan tantas tasas como número de alimentistas a ser incluidos/as en la pensión alimentaria.”

 En el Reglamento 7135, en vez de utilizarse una tabla distinta dependiendo del número de hijos, se utiliza una sola tabla en la cual se incluyó como factor —en su columna izquierda— el número total de menores dependientes del padre alimentante.